THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM C. DUFF, Defendant-Appellant.

Fifth District   No. 5—86—0358

Opinion filed February 26, 1987.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gene Gross, State's Attorney, of Pinckneyville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Neil Flynn, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant, William C. Duff, was convicted by a jury in the circuit court of Perry County of aggravated battery. Defendant was sentenced to probation and as incidents of probation was ordered to pay restitution for the medical bills of Bruce Randy Thomley, the victim as alleged in the criminal information, and of John Finesilver. On appeal, defendant contends that the court erred in ordering him to pay the medical bills of Finesilver.

The criminal information alleged that defendant caused bodily harm to Bruce R. Thomley by pouring bleach on the head and into the eyes of Thomley at a public place of amusement in violation of section 12—4(b)(8) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(8)). Finesilver was not mentioned in the criminal information. At trial, Thomley testified that when defendant threw bleach on him, some of the bleach got on Finesilver. Finesilver did not testify at trial or at the sentencing hearing as he was with the National Guard in North Carolina. At trial, the parties stipulated that if Dr. Donald Rendleman were called to testify, he would testify that on the early morning of September 3, 1985, he treated Thomley and Finesilver for irritation to the eyeballs and to the inner lining of the eyelid. With both patients, there was a strong odor consistent with household chlorine bleach. The stipulation then described the treatment Dr. Rendleman gave both patients.

The presentence investigation did not contain a victim impact statement, as the probation department could not locate the victim.

At the sentencing hearing, Thomley testified that his medical expenses, which were incurred as a result of defendant's actions, were $100. He then stated that Finesilver's medical expenses were $101, to which defendant objected on the basis that there was no foundation for Thomley's testifying as to Finesilver's expenses. The court sustained defendant's objection. During the argument on sentencing, the State asked for restitution as to both Thomley's and Finesilver's medical ex-

penses. The defendant stated that he had no objection to paying restitution in the amount of $100.

In ordering the defendant to pay medical expenses for both Thomley and Finesilver, the court stated:

> "I will order restitution to be made and under the statute that can only be for out of the pocket expenses of the victim. Mr. Thomley did testify to $100 that he still owes Marshall Browning Hospital. So, I will instruct the clerk to deduct $100 from the $300 cash bail deposit and pay that money to the Marshall Browning Hospital on behalf of Mr. Thomley. There is the other victim, and I didn't really hear the evidence concerning him, but it does appear to be around $100. I will instruct the Clerk to contact the hospital and see what the other victim owes the hospital. I am thinking it is around $100. So, the restitution for the other victim can be made by the Clerk to the hospital, directly to the hospital. And that is to be deducted from the $300 cash bail deposit."

Although Finesilver was not included in the criminal information as a victim of defendant's actions, the court could properly order restitution for Finesilver's medical expenses as section 5—5—6(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—6(b)) provides in relevant part, "In fixing the amount of restitution to be paid in cash, *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge and such other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries proximately caused by the same criminal conduct of the defendant ***." In the case at bar, Finesilver was injured when defendant injured Thomley; therefore, Finesilver was a victim of defendant's conduct for which restitution could be ordered pursuant to section 5—5—6(b), and defendant concedes as much. Defendant contends, however, that there was no basis on which to determine the out-of-pocket expenses for Finesilver's injuries. Thomley testified, however, that the hospital had billed him $100 for the injuries he had sustained. At trial, the parties stipulated that if Dr. Rendleman were called to testify he would testify that both men displayed the same symptoms and that he treated both parties in the same manner. As Thomley had incurred a hospital bill of $100 and he incurred the same treatment as Finesilver, it was not unreasonable for the court to conclude that Finesilver incurred the same medical expenses. Rigid rules of evidence need not be followed in sentencing hearings. *People v. Henderson* (1976), 39 Ill. App. 3d 1065, 1069, 351 N.E.2d 231, 234.

For the foregoing reasons, the judgment of the circuit court of Perry County is affirmed.

Affirmed.

KARNS, P.J., and KASSERMAN, J., concur.