THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICK STREBIN, Defendant-Appellant.

Fourth District   No. 4—90—0389

Opinion filed February 26, 1991.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant, Patrick Strebin, pleaded guilty in July 1989 to aggravated battery of a child (Ill. Rev. Stat. 1989, ch. 38, par. 12—4.3) in return for the dismissal of a second charge pending against him, aggravated criminal sexual abuse, and the State's agreement that defendant would receive a sentence of probation. At the sentencing hearing in February 1990, defendant was sentenced to 48 months' probation, subject to various conditions, including that he serve 24 months of periodic imprisonment and pay restitution. On appeal, defendant challenges the appropriateness of these probationary conditions.

The factual basis for defendant's guilty plea is as follows. In July 1987, defendant baby-sat the victim, 27-month-old S.C., and S.C.'s four-year-old brother, K.C. When S.C.'s parents returned home, they discovered an injury to the area of S.C.'s penis and scrotum. Doctors examining S.C. shortly thereafter opined that the injury was caused either by striking and pinching or some type of excessive and repeated masturbation. K.C. would have testified that when defendant baby-sat for him and S.C., defendant would discipline the boys for wetting or messing their pants by squeezing their penises. Defendant also made a statement to the police in which he admitted he spanked S.C. in the groin.

Attached to the presentence investigation report were two letters documenting that S.C. and his family received counseling after the incident. From September 1987 through September 1988, S.C. received $1,609.43 worth of counseling from Catholic Social Services, paid for by the Illinois Department of Children and Family Services. From September 1988 through July 1989, the Warren County, Indiana, Department of Public Welfare provided $3,332.83 worth of counseling to S.C. and his family. The family paid for none of this counseling.

Defendant first argues, on appeal, that the condition of his probation that he serve 24 months of periodic imprisonment is improper because, prior to the date of his sentencing in February 1990, the legislature amended section 5—7—1(d) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—1(d)) to restrict sentences of periodic imprisonment to a term no longer than one year, "if [defendant] is committed to a county correctional institution or facility, and in conjunction with that sentence participate[s] in a county work release program comparable to the work and day release program provided for in Article 13 of the [Code] in state facilities." The State does not dispute that defendant's sentence of periodic imprisonment as a condition of his probation falls within the definition of a "county work release program" as described in the above section. Instead, the State argues that because defendant's crime was committed in July 1987, long before the enactment of Public Act 86—328 (Pub. Act 86—328, eff. Jan. 1, 1990 (1989 Ill. Laws 2276)) that added the above language to section 5—7—1(d) of the Code, the amendatory language restricting a sentence of periodic imprisonment to 12 months should not apply to defendant. We disagree.

In *People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710, the supreme court considered the effect changes in sentencing provisions should have and wrote the following

> "Petitioner *** was entitled to be sentenced under either the law in effect at the time the offense was committed or that in effect at the time of sentencing [citation], and the record fails to show that he was advised of his right to, or permitted to, make the choice. *** [W]e hold that in the absence of a showing that he was advised of his right to elect under which statute he should be sentenced, and an express waiver of that right, petitioner was denied due process of law." (*Hollins*, 51 Ill. 2d at 71, 280 N.E.2d at 712.)

The State argues that defendant has waived the issue that his term of periodic imprisonment is impermissibly lengthy because of his failure to raise that issue at the trial level. However, we find that *Hollins* places an affirmative duty on the trial court to advise a defendant of his right to elect under which sentencing procedures defendant should be sentenced, namely, those in effect at the time the offense was committed or those in effect at the time of the sentencing hearing. Because no such advice was given in the present case, defendant cannot be found to have waived this argument on appeal. See *People v. Anderson* (1981), 93 Ill. App. 3d 646, 656, 417 N.E.2d 663, 670-71.

As a condition of defendant's probation, the court entered the following order of restitution:

> "The defendant shall pay restitution in this matter. His bond [of $5,000 cash posted] shall first be applied to the costs of current counseling for the victim and his family. After completion of current counseling needs, there will be a pro rata share to other agencies that have already provided counseling. Restitution set in the amount of $3,332.83 and $1,609.43 but only if available and within the defendant's means to pay."

Defendant filed a motion to reconsider the order of restitution, arguing that it was improper because (1) defendant was ordered to pay for counseling services that have been paid for by governmental agencies, (2) defendant was ordered to pay the counseling costs for the parents of the victim as well as the victim, and (3) the court directed some portion of defendant's cash bond deposit to be applied to future counseling for the victim and his parents. The motion was denied, and defendant raises the same arguments on appeal.

In *People v. Cole* (1990), 193 Ill. App. 3d 990, 550 N.E.2d 723, defendant was ordered to pay restitution for counseling for the victim of the aggravated criminal sexual abuse of which defendant in *Cole* was convicted. Counseling was expected to take from three to six months and, at the time of the sentencing hearing, was listed in the presentence report as an "anticipated expense" of $400 to $500. (*Cole*, 193 Ill. App. 3d at 996, 550 N.E.2d at 727.) Over defendant's objection that restitution could be based on expenses not yet incurred by the victim, the trial court ordered the circuit clerk to withhold $500 of defendant's bond money so that it could be applied to the costs of counseling. (*Cole*, 193 Ill. App. 3d at 996, 550 N.E.2d at 727.) Although the court indicated that if the counseling cost less than $500, the money would be refunded to defendant, no time frame was fixed in *Cole* for determining if and when a refund should be made. (*Cole*, 193 Ill. App. 3d at 996, 550 N.E.2d at 727.) On these facts, this court wrote the following:

> "We conclude that the statutory provision on restitution (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 1005—5—6(g)) permits an order of restitution for prospective counseling expenses in sex abuse cases. In order to provide for the finality of a sentence, however, such an order should incorporate provisions specifying the following: (1) a maximum dollar limit; (2) a time frame for counseling and proof of expenses incurred, *e.g.*, within one year of sentencing, or the term of probation where probation is imposed; (3) that the court services department or probation office

monitor and administer the payment of restitution; (4) in the event that a dispute develops, that either party may petition the court for resolution thereof; and (5) when bond money is being withheld for use for restitution, a date when any bond monies not so used will be remitted to defendant. On the facts of this case, this matter of restitution can easily be resolved by the trial court on remand, in accordance with the directions we have now provided." (*Cole*, 193 Ill. App. 3d at 996, 550 N.E.2d at 727-28.) Because the order of restitution in the present case is deficient, we find that this case must be remanded back to the trial court so that court can enter an order of restitution in conformance with the *Cole* requirements.

The trial court on remand will be confronted with the same arguments regarding restitution that defendant has raised in this court if the trial court decides to impose a similar order of restitution. Therefore, we will address those arguments.

■ Defendant first argues that section 5—5—6 of the Code, governing restitution, did not permit trial courts to order restitution for psychological counseling for victims until subsection (g) was added to that section by Public Act 85—1194, effective August 19, 1988. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(g).) Defendant argues that because section 5—5—6(g) of the Code was enacted after the date on which the offense of which he was convicted occurred, that section cannot apply to him. The subsection in question reads as follows:

"(g) The court shall, after determining that the defendant has the ability to pay, require the defendant to pay for the victim's counseling services if:

(1) the defendant was convicted of an offense under Sections 11—19.2, 11—20.1, 12—13, 12—14, 12—15 or 12—16 of the Criminal Code of 1961, as amended, or was charged with such an offense and the charge was reduced to another charge as a result of a plea agreement under subsection (d) of this Section, and

(2) the victim was under 18 years of age at the time the offense was committed and requires counseling as a result of the offense.

Such payments shall be made by the defendant to the clerk of the circuit court and transmitted by the clerk to the appropriate person or agency as directed by the court. The order may require such payments to be made for a period not to exceed 5 years after sentencing." Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(g).

Defendant argues that prior to the enactment of the above subsection, the trial court had no authority to order restitution for psychological counseling. In support of this argument, defendant claims that if section 5—5—6 of the Code is interpreted as providing such authority prior to the enactment of subsection (g) above, then that subsection would be extraneous. We disagree.

Public Act 83—1061, effective July 1, 1984, amended section 5—5—6 of the Code by adding thereto, as a new subsection (b), the following:

> "(b) In fixing the amount of restitution to be paid in cash, the court shall allow credit for property returned in kind, for property damages ordered to be repaired by the defendant, and for property ordered to be restored by the defendant; and after granting such credit, the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge and such other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries proximately caused by the same criminal conduct of the defendant, and insurance carriers who have indemnified the named victim or other victims for such out-of-pocket expenses, losses, damages, or injuries, provided that in no event shall restitution be ordered to be paid on account of pain and suffering." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—6(b).)

The above language of section 5—5—6(b) of the Code has not been changed since 1984, although some additional language has been added to that subsection to specify action the court may take if a defendant fails to pay restitution. (See Pub. Act 85—840, eff. Jan. 1, 1988 (1987 Ill. Laws 3476).) We view Public Act 83—1061 (Pub. Act 83—1061, eff. July 1, 1984 (1983 Ill. Laws 7226)) as a comprehensive change in the law governing restitution, reflective of an intention by the Illinois General Assembly, in every criminal case where possible, to achieve two goals: (1) to make victims whole for *any* injury received at the hands of the criminal to be sentenced; and (2) to make criminals pay *all* of the costs which arise as a result of injuries the victims suffered. Clearly, an order of restitution for psychological counseling for the victim and the victim's family, necessitated as a result of defendant's criminal conduct, is fully consistent with both of these goals.

■ Further, we reject defendant's argument that this interpretation renders subsection (g) of section 5—5—6 of the Code extraneous. On its face, that subsection is different from the rest of section 5—5—6 of the Code because subsection (g) states that, "The court *shall*, after determining that the defendant has the ability to pay, require the

defendant to pay for the victim's counseling services if [enumerating circumstances and procedures]." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(g).) On the other hand, the introductory paragraph to section 5—5—6 of the Code reads as follows:

"In all *** cases [other than certain offenses involving persons 65 years of age or older] the court shall at the sentencing hearing determine whether restitution is an appropriate sentence to be imposed on each defendant convicted of an offense. If the court determines that an order directing the offender to make restitution is appropriate the offender *may* be sentenced to make restitution ***." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6.)

Thus, section 5—5—6(g) of the Code makes an order of restitution mandatory if the criteria under that section are met. In all other instances (except certain offenses involving victims 65 years of age or older), the entry of an order of restitution is discretionary.

■ Consistent with the broad interpretation that we find the legislature intended the courts to give to section 5—5—6 of the Code when deciding whether to order restitution, we hold that the phrase "injuries suffered by the victim," as used in section 5—5—6(b), includes psychological or emotional trauma. (See *People v. Ehrich* (1988), 165 Ill. App. 3d 1060, 1071-72, 519 N.E.2d 1137, 1144.) Accordingly, we hold that restitution may be ordered under section 5—5—6(b) of the Code for psychological counseling for victims. To the extent that *People v. Foster* (1990), 195 Ill. App. 3d 926, 955-56, 552 N.E.2d 1112, 1133, a decision of the Fifth District Appellate Court, is inconsistent with these views, we decline to follow it. Instead, we adhere to the holding in *People v. Nash* (1989), 183 Ill. App. 3d 924, 930-31, 539 N.E.2d 822, 825-26, in which this court affirmed an order of restitution to pay the costs of any counseling the victim and her family might require in a case in which defendant was convicted of indecent solicitation of a child (Ill. Rev. Stat. 1987, ch. 38, par. 11—6).

■ Consistent with the views expressed in *Nash*, we hold that the term "victim" as used in section 5—5—6(b) of the Code should be given an expansive definition in order to include either the victim's family, as in *Nash*, or the agencies providing counseling services, as in the present case. If a defendant may be ordered to pay restitution to a victim who (by way of example) has paid $1,000 for counseling services, we fail to see why a court should not be permitted to order a defendant to pay the same $1,000 for the same counseling services that were provided to the victim without cost to her because she is indigent. *Someone* is paying the costs of that counseling, which was

necessitated as a result of the defendant's criminal behavior, and whoever that "someone" is, whether the victim herself, her family, a friend, or some private or governmental agency, the defendant should still be made to pay the costs of that counseling. To hold otherwise would render the victim's indigence a fortuitous occurrence for the defendant, freeing him of a financial obligation that he should rightly bear.

We are also aware that in cases like the present one, when counseling services are being provided by the Illinois Department of Children and Family Services or the Department of Public Welfare of Warren County, Indiana, the financial resources of such agencies are often limited and may be inadequate to meet the demand for services like those provided in the present case. In our judgment, ordering a defendant to pay restitution to such agencies is clearly consistent with the legislative purpose behind section 5—5—6(b) of the Code. See *People v. Duff* (1987), 152 Ill. App. 3d 896, 897-98, 505 N.E.2d 36, 37 (defendant properly ordered to pay restitution directly to hospital that had provided medical services to a victim of defendant's aggravated battery even though record is unclear whether victim could pay that bill or had even been billed).

Defendant also argues that an expansive reading of the term "victim" for purposes of restitution would be inconsistent with *People v. Gaytan* (1989), 186 Ill. App. 3d 919, 542 N.E.2d 1163, and *People v. Chaney* (1989), 188 Ill. App. 3d 334, 544 N.E.2d 90, which held restitution inappropriate for public monies expended in the pursuit of solving crimes. (*Gaytan*, 186 Ill. App. 3d at 929, 542 N.E.2d at 1171; *Chaney*, 188 Ill. App. 3d at 335, 544 N.E.2d at 91.) We disagree. The governmental agencies which were the beneficiaries of the restitution order in the present case did not track down, prosecute, or incarcerate defendant; instead, they provided services for the indigent victims of defendant's criminal conduct, and there is no just reason why they should not be compensated by the defendant for doing so.

For the reasons stated, the orders entered by the trial court as conditions of probation regarding both periodic imprisonment and restitution are reversed, and the cause is remanded for further proceedings in accordance with the views expressed herein.

Reversed and remanded.

SPITZ and GREEN, JJ., concur.