THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CONNELL GRAY, Defendant-Appellant.
Fourth District   No. 4—92—0183

Opinion filed September 17, 1992.

Gregory L. Barnes, of Gregory L. Barnes, Ltd., of Decatur, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND presented the opinion of the court:

Defendant Connell Gray appeals an order of the circuit court of Macon County forfeiting the balance of his bail bond to the Illinois Department of Public Aid (IDPA). Defendant pleaded guilty to the charge of aggravated battery with a firearm under section 12—4.2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 12—4.2(a)). A $3,500 bail bond had been posted and, at the sentencing hearing, it was ordered that the clerk's fees and costs be subtracted, along with $416.03 restitution to the mother of the victim for out-of-pocket expenses.

Trial testimony indicated that hospital bills totaled roughly $50,000, plus an additional $10,000 bill from two surgeons who performed a total of three surgeries on the victim. The State argued that the remainder of the bail bond should be paid to the IDPA to reimburse that agency for payment of a portion of these medical bills. Hearing on this issue was continued to a later date.

On February 5, 1992, the court heard arguments regarding disposition of the bail bond. Over defendant's objection, a letter from IDPA was offered into evidence, stating that it had paid $15,989.16 toward the victim's medical expenses. The court ordered the balance of the $3,500 bail bond paid to IDPA.

■ Defendant claims that forfeiture of the bail bond to IDPA was an abuse of the trial court's discretion. Specifically, defendant argues three errors under section 5—5—6(b) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(b)): (1) the court failed to fix the amount of restitution; (2) the IDPA is not an intended beneficiary under the statute; and (3) the court failed to determine if he had the ability to pay restitution. The statute states, in relevant part:

> "In fixing the amount of restitution *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries

suffered by the victim named in the charge and any other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries proximately caused by the same criminal conduct of the defendant, and insurance carriers who have indemnified the named victim *** for the out-of-pocket expenses ***." Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(b).

■ Defendant first argues that the court failed to fix restitution as required by the Code, claiming that any amount owed to IDPA was purely speculative. The victim suffered massive injuries to his legs as a result of a shotgun blast. Three surgical operations were performed, at a cost of over $10,000. The victim's mother testified that the hospital bill alone was $52,000. The victim had a medical card from IDPA, and a letter was introduced into evidence from that agency stating that out-of-pocket expenses incurred by IDPA as of the hearing date totaled $15,989.16. We find the trial court adequately fixed restitution in full compliance with the statute.

■ Next, defendant argues that under the statutory scheme of section 5—5—6 of the Code, IDPA is not an intended beneficiary of restitution in this case. We disagree. The letter from IDPA is sufficient proof that the agency had paid out significant funds toward the victim's medical bills. The fact that IDPA is not named specifically as a victim in the charge against defendant is of no significance. In 1983, the legislature amended section 5—5—6(b) (Pub. Act 83—1061, §1 (1983 Ill. Laws 7226, 7227 (eff. July 1, 1984))) to reflect a clear legislative intent to expand the coverage of the restitution statute to include unnamed victims and insurers. *In re V.L.F.* (1988), 174 Ill. App. 3d 930, 529 N.E.2d 312; see also *People v. Duff* (1987), 152 Ill. App. 3d 896, 505 N.E.2d 36.

Consistent with this interpretation, we have held that the term "victim" includes not only a victim's family that has suffered out-of-pocket losses, but also any agency providing, without cost, services to an indigent victim for injuries related to defendant's criminal behavior. (*People v. Strebin* (1991), 209 Ill. App. 3d 1078, 1085, 568 N.E.2d 420, 424-25.) As stated in *Strebin*:

"To hold otherwise would render the victim's indigence a fortuitous occurrence for the defendant, freeing him of a financial obligation that he should rightly bear." *Strebin*, 209 Ill. App. 3d at 1086, 568 N.E.2d at 425.

■ Finally, defendant argues that the trial court failed to determine he had the ability to pay restitution as required by section 5—5—6(f) of the Code, which states that the court is to take "into consideration the ability of the defendant to pay" before determining

"whether restitution shall be paid in a single payment or in install-ments." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(f).) This section has no bearing on the question of whether restitution shall be or-dered. Rather, it applies only to the time frame and method of pay-ment through which restitution shall be made after restitution has been ordered.

Our court has recognized the intent of the restitution statute to achieve two goals in every criminal case where possible: (1) to make victims whole for *any* injury received at the hands of the criminal to be sentenced; and (2) to make criminals pay *all* costs that arise as a result of injuries the victims suffered. (*Strebin*, 209 Ill. App. 3d at 1084, 568 N.E.2d at 424.) The introductory paragraph to section 5—5—6 of the Code only requires that the trial court determine whether restitution is appropriate. If it does, then under section 5—5—6(e) of the Code, "[t]he court may require the defendant to apply the balance of the cash bond *** to the payment of restitution." (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(e).) The statute does not require any preliminary determination of defendant's financial capacity before or-dering defendant to pay restitution. This requirement was eliminated by statutory amendment in 1983. Pub. Act 83—1061, eff. July 1, 1984 (amending Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—6(a)).

Affirmed.

McCULLOUGH and COOK, JJ., concur.