NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230463-U

NO. 4-23-0463

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 7, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| TERRENCE R. MARSHALL, | ) | No. 19CF771 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul E. Bauer, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Lannerd and DeArmond concurred in the judgment.

**ORDER**

¶ 1  *Held*:  (1) By telling defendant, in its admonishments on his proposed waiver of counsel, that he may be eligible for extended term sentencing (instead of telling him that he definitively was eligible), the circuit court did not clearly violate Illinois Supreme Court Rule 401(a)(2) (eff. July 1, 1984)); consequently, the plain error rule does not avert the procedural forfeiture of this alleged error in the admonishments.

(2) Because the statutory term of mandatory supervised release (MSR) was shortened while defendant's case was pending and because section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2022)) entitled defendant to the shorter term, the sentencing order should be amended, pursuant to the plain error rule, to reflect the shorter, correct term of MSR.

¶ 2  In this appeal, defendant, Terrence R. Marshall, makes two contentions. First, he contends that a faulty admonishment by the circuit court of Peoria County invalidated his waiver of counsel. We conclude that this contention is procedurally forfeited. We further conclude that, absent a clear or obvious error in the admonishments (in contrast to an error that is merely arguable), the plain error rule does not avert the forfeiture. Second, defendant contends that his

sentence contains a mistake: the term of mandatory supervised release (MSR) should be 6 months instead of 6 to 12 months. In this respect, we perceive plain error, as does the State. Therefore, we modify the judgment to provide for six months of MSR instead of one year, affirm the judgment as modified, and remand this case with directions to issue an amended sentencing order reflecting the modified term of MSR.

¶ 3                                    I. BACKGROUND

¶ 4            A grand jury indicted defendant for forgery (720 ILCS 5/17-3(a)(2) (West 2018)).

¶ 5            On November 28, 2022, defendant told the circuit court he wanted to represent himself. During the court's resulting admonishments to defendant, the court asked the prosecutor what were "the possible punishments." The prosecutor answered that although the normal term of imprisonment for forgery was not less than two years and not more than five years,

> "I believe he may be extendible because of the time that he has spent in
>
> custody [on a prior conviction], which would extend the term to ten years.
>
> THE COURT: The two to five could be extended to ten years?
>
> [PROSECUTOR]: That's correct."

Here the prosecutor was alluding to section 5-5-3.2(b)(1) of the Unified Code of Corrections (730 ILCS 5/5-5-3.2(b)(1) (West 2022)), a section providing that an extended term sentence might be imposed,

> "[w]hen a defendant is convicted of any felony, after having been previously
>
> convicted in Illinois or any other jurisdiction of the same or similar class felony or
>
> greater class felony, when such conviction has occurred within 10 years after the
>
> previous conviction, *excluding time spent in custody*, and such charges are

separately brought and tried and arise out of different series of acts." (Emphasis added.)

¶ 6    Defendant interjected that he did not "understand[ ] how [he] could be extended." The circuit court explained:

"If your history—your criminal history confirms that you may be eligible for extended sentencing, then it could be up to ten years. You would have to be found eligible for extended sentencing. So that's a possibility. I don't know your criminal history as we sit here today. So you need to know that that's possible ***."

¶ 7    After finishing the admonishments and confirming with defendant that he understood the risks of self-representation, the circuit court accepted his waiver of counsel.

¶ 8    Defendant also waived a jury. On January 18, 2023, at the conclusion of a bench trial, the circuit court found him guilty of the charged offense of forgery.

¶ 9    On March 2, 2023, at the sentencing hearing, the prosecutor informed the circuit court that, in Peoria County case No. 08-CF-975, defendant was convicted of burglary, served a term of imprisonment in Danville Correctional Center, and his discharge date was August 13, 2013. The court urged the prosecutor:

"THE COURT: Explain your reasoning for why you think that makes that extended eligible[.]

[PROSECUTOR]: It is from ten years after the sentence is completed not charged or pled guilty to. Since the sentence terminated upon release from the Department of Corrections on August 13th of 2013 that puts us in the ten-year window."

¶ 10 Because of the discharge date of August 13, 2013, which the prosecutor had obtained from the Law Enforcement Agencies Data System, the circuit court sentenced defendant to an extended prison term of six years. In its oral pronouncement of the sentence, the court said that the period of MSR "[c]ould be 6 to 12 months," "depending on the assessment of the Illinois Department of Corrections." According to the written sentencing order, however, which was entered on March 3, 2023, the period of MSR was simply one year.

¶ 11                                II. ANALYSIS

¶ 12              A. The Validity of Defendant's Waiver of His Right to Counsel

¶ 13 Although forgery carried a possible prison term, the circuit court allowed defendant to waive counsel, as it was his right to do after being properly warned. If a defendant who is charged with an offense punishable by imprisonment proposes to waive representation by counsel, Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) allows the court to accept the waiver only after the court gives the defendant certain admonishments. "[B]y addressing the defendant personally in open court," the court must inform defendant of the following three items and confirm that the defendant understands them:

> "(1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a)(1) to (3) (eff. July 1, 1984).

¶ 14 According to defendant, the circuit court failed to comply with Rule 401(a)(2) in that he "was never *definitively* advised that he *was eligible* for an extended-term sentence."

(Emphases added.) Instead, the court advised him, equivocally, that he "*may* be extendible" because of his criminal history and that extended sentencing was a "*possibility*." (Emphases added.)

¶ 15      Defendant acknowledges he never raised Rule 401(a)(2) in the proceedings below and that, generally, waiting until an appeal to raise an issue causes the issue to be procedurally forfeited. See *People v. Reese*, 2017 IL 120011, ¶ 60 ("To preserve an issue for review, a defendant must object at trial and raise the alleged error in a written posttrial motion."). He argues, however, that in this case the plain error rule (see Ill. S. Ct. R. 615(a) (eff. Jan 1, 1967)) should avert a forfeiture. He cites *People v. Herring*, 327 Ill. App. 3d 259, 261 (2002), in which the Fourth District observed, "This court has consistently held that the right to counsel is so fundamental that we will review as plain error a claim that there was no effective waiver of counsel although the issue was not raised in the trial court."

¶ 16      Typically, the first step in a plain error analysis is determine whether there was a clear or obvious error (see *People v. Holt*, 2019 IL App (3d) 160504-B, ¶ 38)—a determination we make *de novo* (see *People v. Schoonover*, 2021 IL 124832, ¶ 26). The initial question, then, is whether Rule 401(a)(2) clearly required the circuit court to tell defendant that he was, for sure, eligible for an extended term sentence. See *People v. Hammons*, 2018 IL App (4th) 160385, ¶ 17 ("The plain error doctrine is not a backdrop to catch merely arguable issues that could have been raised in the trial court. The error had to be manifest or patent.").

¶ 17      The State's answer to that question is no because Rule 401(a)(2) uses a verb of possibility, "may." The circuit court must inform the defendant, and confirm the defendant understands, "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant *may* be subjected because of prior convictions or consecutive

sentences." (Emphasis added.) Ill. S. Ct. R. 401(a)(2) (eff. July 1, 1984). Under the State's interpretation of Rule 401(a)(2), the court did exactly what it was supposed to do by warning defendant, "[Y]ou may be eligible for extended sentencing."

¶ 18 Defendant criticizes the State's interpretation as rendering superfluous the phrase "when applicable." See *id.* Under defendant's interpretation of Rule 401(a)(2), the circuit court had to decide, definitively—at the time of the admonishments—the *applicability* of the extended term sentencing statute (see 730 ILCS 5/5-5-3.2(b)(1) (West 2022)). Defendant argues that informing him merely that an extended sentence term was possible, depending on the particulars of his criminal record, failed to satisfy the rule.

¶ 19 For two reasons, we consider defendant's interpretation of Rule 401(a)(2) to be less than compelling.

¶ 20 Our first reason is grammatical. The part of Rule 401(a)(2) to which the phrase "when applicable" refers is not merely the word "penalty," but also the language that follows and modifies that word: "the penalty *to which the defendant may be subjected because of prior convictions or consecutive sentences*." (Emphasis added.) Ill. S. Ct. R. 401(a)(2) (eff. July 1, 1984). So, the phrase "when applicable" refers to a "penalty" that "may" be imposed. In other words, what is applicable is a *possible* penalty.

¶ 21 The second reason why defendant's suggested meaning of Rule 401(a)(2) strikes us as less than clear or obvious is that, surely, in writing this rule, the supreme court did not intend eligibility for extended term sentencing to be prejudged before a sentencing hearing even began. In all fairness, a defendant ought to be able to come to the sentencing hearing and litigate the question of his or her eligibility for extended term sentencing without having to overcome a prior determination on that question. If the circuit court admonishes a defendant that, judging by a

preliminary review of the defendant's prior record, the defendant "may" be eligible for extended term sentencing, the defendant can take that risk into account when deciding whether to dispense with an attorney and the court avoids slamming the door on what could turn out to be a contestable sentencing issue.

¶ 22        For those two reasons, we find no clear or obvious violation of Rule 401(a)(2), and the procedural forfeiture of this supposed error in the admonishments is not averted. See *People v. Naylor*, 229 Ill. 2d 584, 593 (2008) ("When a defendant fails to establish plain error, the result is that the procedural default must be honored." (Internal quotation marks omitted.)).

¶ 23                              B. MSR

¶ 24        The judgment in a criminal case is the judge's oral pronouncement of the sentence, which prevails over any contrary provision of the written sentencing order. *People v. Ramirez*, 2023 IL App (1st) 221227, ¶¶ 34, 36. The oral sentence in this case included 6 to 12 months of MSR, but the written sentence set the period of MSR at simply 1 year. By defendant's reasoning, the judge's oral pronouncement on MSR overcomes the written provision. Therefore, he regards himself as having been sentenced to six years' imprisonment, followed by 6 to 12 months of MSR.

¶ 25        On May 22, 2019, when defendant committed the forgery, which was a Class 3 felony (see 720 ILCS 5/17-3(d)(1) (West 2018)), the statutory length of MSR was one year (see 730 ILCS 5/5-8-1(d)(3) (West 2018)). While his case was pending, however—before sentencing—a statutory amendment went into effect (see Pub. Act 102-1104, § 90 (eff. Dec. 6, 2022)), shortening the period of MSR to six months (see 730 ILCS 5/5-8-1(d)(3) (West 2022)). Defendant invokes section 4 of the Statute on Statutes, which provides, "If any *** punishment be mitigated by any provisions of a new law, such provision may, by consent of the party affected, be applied to any judgment pronounced after the new law takes effect." 5 ILCS 70/4 (West 2022).

As defendant makes clear in his brief, he consents to 6 months of MSR in lieu of 6 to 12 months of MSR.

¶ 26 Defendant admits that, in the circuit court, he never objected to the declared length of MSR. "It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). Nevertheless, if the evidence in the sentencing hearing was closely balanced or if the sentencing error was serious enough, the plain error rule can avert the forfeiture of a sentencing issue. See *id.* at 545. Defendant cites *People v. Fort*, 2017 IL 118966, ¶ 19, in which the supreme court held, "The imposition of an unauthorized sentence affects substantial rights and, thus, may be considered by a reviewing court even if not properly preserved in the trial court." (Internal quotation marks omitted.) He further argues that a finding of forfeiture would be inconsistent with *People v. Strebin*, 209 Ill. App. 3d 1078, 1081 (1991). Under *Strebin*, the circuit court had "an affirmative duty *** to advise" defendant "of his right to elect under which sentencing procedures" he "should be sentenced, namely, those in effect at the time the offense was committed or those in effect at the time of the sentencing hearing," and that "[b]ecause no such advice was given," he "cannot be found to have waived [(or forfeited)] this argument on appeal." *Id.*

¶ 27 The State concedes that "this matter should be remanded back to the trial court with instructions to issue a new sentencing judgment with the correct MSR term of six months."

¶ 28 We accept the State's concession. Under section 5-8-1(d) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d) (West 2022)), "the *** mandatory supervised release term shall be written as part of the sentencing order." "Legislative history indicates that [this] requirement was designed to provide greater clarity for the Department of Corrections." *Round v. Lamb*, 2017

IL 122271, ¶ 15. To prevent confusion, the written sentencing order should be corrected to designate the period of MSR as six months instead of one year.

¶ 29                                III. CONCLUSION

¶ 30        For the foregoing reasons, we modify the circuit court's judgment to provide for six months of MSR instead of one year of MSR, affirm the judgment as modified, and remand this case with directions to issue an amended sentencing order reflecting the modified MSR term.

¶ 31        Affirmed as modified and remanded with directions.