2024 IL App (1st) 230511-U

FIRST DISTRICT,
FIRST DIVISION
July 29, 2024

No. 1-23-0511

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 20 CR 1038901 |
| | ) | |
| JOHN WILLIAMS, | ) | Honorable |
| | ) | Michael J. Hood, |
| Defendant-Appellant, | ) | Judge Presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Defendant's sentence is vacated and the cause is remanded for a new sentencing hearing. On the date of the offense, defendant faced a mandatory consecutive sentence, but on the date of sentencing, the statute had been amended such that a consecutive sentence was discretionary. The trial court erred by failing to advise defendant that he had the right to elect which statutory sentencing provision he wished to be applied.

¶ 2     Following a jury trial in the circuit court of Cook County, defendant John Williams was convicted of unlawful use or possession of a weapon by a felon (UUWF) and sentenced to a term of eight years' imprisonment. Defendant committed the UUWF while on pretrial release for the

separate felony offense of possession of a stolen motor vehicle (PSMV). He later entered a blind plea of guilty to the PSMV and was sentenced to a term of seven years' imprisonment. When defendant committed the UUWF, mandatory consecutive sentencing was required under section 5-8-4 of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(d) (West 2020)). However, prior to defendant's sentencing hearing, the Code was amended to provide for "permissive" consecutive terms in certain instances. See Pub. Act 102-1104, § 90 (eff. Dec. 6, 2022) (amending 730 ILCS 5/5-8-4(c)). Relevant here, the amended Code provided that if a person charged with a felony commits a separate felony while on pretrial release, "then the sentences imposed upon conviction of these felonies *may* be served consecutively." (Emphasis added.) Pub. Act 102-1104, § 90 (eff. Dec. 6, 2022) (amending 730 ILCS 5/5-8-4(c)(3)).

¶ 3 On appeal, defendant argues that the trial court's failure to advise him of his right to be sentenced under either the law in effect at the time of the offense, or at the time of sentencing, deprived him of a fair sentencing hearing. For the following reasons, we vacate defendant's sentence and remand for a new sentencing hearing.

¶ 4 I. BACKGROUND

¶ 5 On October 19, 2020, defendant was charged with UUWF stemming from a traffic stop on August 29, 2020. At the time of his arrest, defendant was on pretrial release for the offense of PSMV. Defendant subsequently entered a blind plea of guilty to PSMV and was sentenced to seven years' imprisonment.

¶ 6 Defendant's jury trial for UUWF commenced on January 3, 2023. The evidence at trial established that on August 29, 2020, Chicago Police Officers Katie Blocker, Clara Cinta, David Kato, and Joseph Malek were on patrol in an unmarked vehicle near 31st Street and Wentworth Avenue. Around 9:02 p.m., a white sedan was observed driving without headlights down Wentworth. While following the car, Officers Blocker and Cinta observed the rear driver's side

passenger bending down at the waist "towards the floorboard of the driver's seat" so far that only his head was visible.

¶ 7        After pulling over near 3120 South Wentworth, the driver immediately exited the vehicle and approached the officers with his hands in the air. While the driver and front-seat passenger were being detained, Officer Blocker approached the rear driver's side door and observed defendant in the back seat making "a lot of movement *** almost kind of like jumping up and down out of his seat." Defendant was ordered out of the car and placed in handcuffs. Blocker subsequently recovered a handgun from under the driver's seat in the area where defendant had been reaching. At the conclusion of the trial, the jury returned a verdict of guilty of UUWF.

¶ 8        On March 17, 2023, the trial court denied defendant's motion for a new trial. Before conducting the sentencing hearing, the court granted defendant's motion to reconsider the sentence previously imposed for PSMV, reducing the sentence from seven years' imprisonment to six years' imprisonment.

¶ 9        At the sentencing hearing, defendant's father testified in mitigation that he had been absent for "a majority" of defendant's life but wanted to reestablish a relationship with him. Defendant stated in allocution that he had "changed a lot due to *** having [his] daughter" and wanted to be in her life.

¶ 10        The trial court imposed a sentence of eight years' imprisonment for UUWF, to be served consecutively to the six-year sentence for PSMV. Defendant's motion to reconsider the UUWF sentence was denied.

¶ 11                                    II. ANALYSIS

¶ 12        On appeal, defendant argues that the trial court erred in applying the statute in effect when the offense was committed (mandating consecutive sentencing) instead of allowing him to elect whether he wished to be sentenced under the amended statute in effect on the date of his

sentencing.[1] Defendant further asserts that trial counsel was ineffective for failing to advise him of his right to make such an election. The State concedes that "the matter should be remanded for resentencing, wherein defendant is informed and advised of his right to choose to be sentenced under the current or former sentencing statute." We agree.

¶ 13    At the time defendant committed the offense of UUWF, section 5-8-4(d)(8) provided that if a person charged with a felony committed a separate felony while on pretrial release, "then the sentences imposed upon conviction of these felonies *shall* be served consecutively." (Emphasis added). 730 ILCS 5/5-8-4(d)(8) (West 2020). Prior to defendant's sentencing hearing, section 5-8-4(d)(8) was amended to provide that if a person charged with a felony commits a separate felony while on pretrial release, "the sentences imposed upon conviction of these felonies *may* be served consecutively." (Emphasis added). Pub. Act 102-1104, § 90 (eff. Dec. 6, 2022) (amending 730 ILCS 5/5-8-4(c)).

¶ 14    A defendant has the right to be sentenced under either the law in effect at the time the offense was committed or the law in effect at the time of sentencing. *People v. Horrell*, 235 Ill. 2d 235, 242 (2009); see also 5 ILCS 70/4 (West 2022) ("If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect."). The trial court has an affirmative duty to advise a defendant of the right to elect the provision under which he or she should be sentenced. *People v. Hollins*, 51 Ill. 2d 68, 71 (1972). The failure to do so constitutes a denial of due process of law. *Id*. "Whether defendant was denied his right to elect involves the

---

[1] In his reply brief, defendant withdraws an issue argued in his initial appellate brief, and we decline to address it. See *People v. Serritella*, 2022 IL App (1st) 200072, ¶ 119 ("[W]hen a party withdraws an issue in a reply brief, he or she concedes that the other side is correct or that a subsequent decision has resolved the issue.").

application of law to uncontested facts and is reviewed *de novo*." *People v. Vlahon*, 2012 IL App (4th) 110229, ¶ 16.

¶ 15 Although defendant did not object to the denial of his right to elect at trial or in a posttrial motion, " '[t]he imposition of an unauthorized sentence affects substantial rights' " and may be considered by a reviewing court even if not properly preserved in the trail court. *People v. Fort*, 2017 IL 118966, ¶ 19 (quoting *People v. Hicks*, 181 Ill. 2d 541, 545 (1998)); see also *People v. Strebin*, 209 Ill. App. 3d 1078, 1081 (1991) (when a defendant is not advised of the right to elect, he or she "cannot be found to have waived this argument on appeal."). Where, as in the instant case, defendant was not advised of his right to elect, his sentences must be vacated, and the cause remanded for a new sentencing hearing. See *People v. Anderson*, 93 Ill. App. 3d 646, 656 (1981). This issue cannot be forfeited on appeal. See *Strebin*, 209 Ill. App. 3d at 1081.

¶ 16                                    III. CONCLUSION

¶ 17 For the foregoing reasons, we vacate defendant's sentence and remand to the circuit court for a new sentencing hearing, at which defendant shall be informed of his right to elect between being sentenced under the statutory sentencing provisions in effect at the time of the offense or at the time of sentencing.

¶ 18 Sentence vacated; cause remanded.