THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GABE H. THOMPSON, Defendant-Appellant.

Third District   No. 3—88—0712

Opinion filed July 23, 1990.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Richard S. London, Assistant Attorney General, of Chicago, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

A jury convicted the defendant, Gabe H. Thompson, of three counts of willfully failing to file Illinois income tax returns for the years 1984, 1985, and 1986 (Ill. Rev. Stat. 1987, ch. 120, par. 13–1301). The trial court subsequently sentenced him to concurrent terms of three years' imprisonment on each count and ordered him to pay $3,529.58 in restitution. The defendant appeals.

The uncontroverted evidence showed that the defendant had been an Illinois resident since 1972 and had not filed a tax return since 1974. With respect to the charged offenses, the evidence showed that he had earned $33,905.45 in 1984, $32,754.90 in 1985, and $21,429.45 in 1986. During those years, an individual was required to file a Federal tax return and, therefore, an Illinois return, if he earned $5,400, $5,600, and $5,800, respectively.

The evidence further showed that the defendant had been claiming an exempt status on his W-4 tax certificates, but in 1984 was notified by the Internal Revenue Service (IRS) that he was ineligible to claim an exempt status. Upon receiving this notification, the defendant continued claiming the status and altered a W-4 form in an attempt to avoid a penalty of perjury for claiming it.

Special agent Gregory Dickinson of the Illinois Department of Revenue testified that he spoke with the defendant on the telephone on July 24, 1987. During the conversation, the defendant admitted that he had not filed any Illinois tax returns, but stated that he did not have to pay taxes because he believed that wages were not taxable. When Dickinson informed the defendant that he faced possible prosecution, the defendant replied: "So what. The IRS has tried to get me a couple of times and failed. Go ahead. Try to get me."

The jury subsequently found the defendant guilty. At the sentencing hearing, the State requested that the defendant be ordered to pay $3,529.58 in restitution, which represented the total amount he owed to the State for not filing tax returns from 1980 through 1986. The presentence investigative report revealed that the 52-year-old defendant had been employed for 26½ years at Caterpillar Tractor Company. He had one prior conviction for violation of the Federal Firearms Act in 1974, for which he had paid a fine and successfully completed a period of probation. The defendant had attended Michigan State University for one year and then attended a junior college. He had also served four years in the United States Air Force. In sentencing the defendant, the trial court noted that probation would deprecate the seriousness of the defendant's conduct and therefore sentenced him to concurrent terms of three years' imprisonment. It also granted the State's request for restitution.

The defendant argues on appeal that the trial court abused its discretion in sentencing him to the maximum sentence allowed.

██ █ Initially, we note that the sentence imposed upon a defendant will not be overturned on appeal absent an abuse of discretion by the trial court. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) The trial judge is generally in a better position than a court of review to consider the defendant's credibility, demeanor, and general moral character. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Further, we note that the offense of willfully failing to file a tax return is a Class 4 felony punishable by a sentence of not less than one year and not more than three years. Ill. Rev. Stat. 1987, ch. 120, par. 13—1301; ch. 38, par. 1005—8—1(a)(7).

██ In the instant case, the defendant had a history of flagrantly disregarding the law, as demonstrated by the fact that he had not paid any taxes since 1974. Further, when the IRS notified him in 1984 that he was ineligible to claim an exempt status on his W-4 tax certificates, he nonetheless continued claiming that status and even went so far as to alter a W-4 form in order to avoid a penalty of perjury. When told in 1987 that he faced possible criminal prosecution, the

defendant contemptuously defied the agent to try to get him. Based upon the above, we find that the trial court did not abuse its discretion in sentencing the defendant to the maximum three-year term.

The defendant also argues that the trial court erred in ordering him to pay $3,529.58 in restitution for the years 1980 through 1986, since he was only charged with not filing tax returns from 1984 through 1986. We agree.

A trial court is not empowered to order restitution of sums extraneous to the charges before it. (*People v. Mahle* (1974), 57 Ill. 2d 279, 312 N.E.2d 267.) The instant defendant was convicted of willfully failing to file income tax returns for the years 1984 through 1986 and thus could only be ordered to pay restitution for the amount he owed to the State during that period. We therefore vacate the trial court's order that the defendant pay $3,529.58 in restitution and remand the cause for a new hearing to determine the amount owed by the defendant from 1984 through 1986.

The judgment of the circuit court of Will County finding the defendant guilty of failing to file tax returns is affirmed. The court's restitution order is vacated, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; vacated in part and remanded.

SCOTT and STOUDER, JJ., concur.