THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TAMMY HERNANDEZ, Defendant-Appellant.

Third District   No. 3—91—0829

Opinion filed September 29, 1992.

HAASE, J., specially concurring.

Appeal from the Circuit Court of Henry County; the Hon. John Donald O'Shea and the Hon. James J. Mesich, Judges, presiding.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Pursuant to a partially negotiated plea of guilty to two counts of theft of property not exceeding $300 in value (Ill. Rev. Stat. 1991, ch. 38, par. 16—1), the defendant, Tammy Hernandez, was sentenced to six months of incarceration in the county jail, one year of probation, and payment of $4,500 in restitution. She appeals the amount of restitution ordered. We vacate the restitution order and remand this cause for further proceedings consistent with our decision.

The record shows that, in addition to the two counts of theft, the defendant was also charged with two counts of residential burglary. The burglary charges alleged that she knowingly and without authority entered the dwellings of Angela Haga and Jamee Staton with the intent to commit thefts therein. The theft charges alleged that she knowingly exerted unauthorized control over some of the property taken in the burglaries.

The record from the plea agreement hearing shows that under the terms of the agreement the defendant would plead guilty to the theft charges in exchange for the dismissal of the residential burglary charges. In addition, the parties agreed that the defendant, who had no prior record, would serve a one-year term of probation and six months in the county jail. She would also make restitution in an amount to be agreed upon by the parties.

The factual basis for the plea showed that the State would establish that the defendant had possessed several of the items stolen in the burglaries. Regarding the burglary charges, the State conceded that it did not have any proof that the defendant actually went into the residences in question.

Based on this evidence, the trial court accepted the defendant's plea and imposed the sentence agreed upon by the parties. It also ordered that a restitution hearing would be held if the parties were unable to reach an agreement.

Thereafter, a restitution hearing was held because the parties could not agree on the amount of restitution. At the hearing, it was determined that the victims of the residential burglaries had a combined loss of property valued at $4,500. As such, the trial court ordered the defendant to pay that amount in restitution.

On appeal, the defendant argues that the trial court erred in ordering her to pay $4,500 in restitution. She notes that the amount ordered reflects the value of the property taken in the burglaries and not the value of the property involved in the thefts. She contends that since she was not convicted of the burglaries and the State admitted it could not prove she had committed them, she should not have been ordered to pay restitution on those charges.

In response, the State argues that in the agreement the defendant agreed she would pay for the property stolen in the burglaries. Accordingly, it contends that the amount ordered was proper.

We disagree with the State. Based on our review of the record, we find that the defendant never agreed to pay restitution on the burglary charges. The record only shows that she and the State agreed they would negotiate a specific amount of restitution. Nowhere in the plea agreement does it state that the defendant was agreeing to pay restitution on the burglary charges. As such, we reject the State's argument that the defendant agreed to pay for the losses sustained in the burglaries.

The State also argues that the amount of restitution was proper since a trial court may properly consider all the losses sustained by victims as a result not only of the charges to which the defendant pled guilty but also of the charges that were dismissed pursuant to a plea agreement. It contends that the restitution statute authorizes a court to consider all the losses suffered by the victims, as long as the losses were proximately caused by the same criminal conduct of the defendant. Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6; see also *In re V.L.F.* (1988), 174 Ill. App. 3d 930, 529 N.E.2d 312.

While it is true that a trial court may order restitution in cases like the above, it cannot order restitution of sums extraneous to the charges before it. See *People v. Mahle* (1974), 57 Ill. 2d 279, 312 N.E.2d 267; *People v. Thompson* (1990), 200 Ill. App. 3d 23, 557 N.E.2d 1008.

The facts of this case clearly established that the State could not link the defendant to the burglaries. Since the charges could not be proved, we find that they were extraneous to the theft convictions before the trial court.

We also note that in this case no evidence was presented showing that all the losses were proximately caused by the conduct for which the defendant was convicted. Although the factual basis presented at the plea proceeding indicated that the defendant received stolen property, it did not indicate that she committed the burglaries. We there-

fore reject the State's claim that all of the items taken from the residences in question were lost as a result of the defendant's conduct.

Accordingly, the judgment of the circuit court of Henry County finding the defendant guilty of two counts of theft is affirmed. The court's restitution order is vacated, and the cause is remanded for a new hearing to determine the amount of restitution owed on the theft convictions.

Affirmed in part; vacated in part and remanded.

GORMAN, J., concurs.

JUSTICE HAASE, specially concurring:

Although I agree and concur in the decision reached by the court in this case, the result is very unfortunate and troubling to me. This case started out as two counts of residential burglary and two counts of misdemeanor theft. It was subsequently plea bargained for a plea to the two counts of misdemeanor theft in return for a dismissal of the two felony charges. In addition, it was agreed by the parties that the defendant, who had no prior record, would serve a one-year term of probation, serve six months in the county jail and make restitution in an amount to be agreed upon by the parties within 30 days. The State conceded that it did not have any proof that the defendant actually entered the residences in question in the two residential burglaries.

After the partially negotiated plea, when the parties could not agree on the amount of restitution, a restitution hearing was held in which the trial judge determined that the victims of the residential burglaries had a combined loss of property valued at $4,500. It appears from a review of the record and briefs in this case that it was contemplated that the defendant would pay more in restitution than the minimum amount of stolen property found in her possession at the time of her arrest.

However, the failure of the prosecutor and defense lawyer to have an agreement at the time of the plea created the situation that we have before us. It seems to this writer that the better procedure would have been for the prosecutor and the defense lawyer to have a complete agreement on all issues prior to the time of the plea. At the very least, there should have been an agreement by the parties that some portion of the burglary proceeds were to be paid as restitution in a subsequent proceeding. Likewise, it is this writer's opinion that the trial judge should not have accepted the plea without a clearer un-

derstanding by all parties with regards to the restitution. The net result of the procedure followed here is that a defendant pleads down two residential burglaries to misdemeanor theft with an understanding that she will pay restitution, when in fact she will pay no restitution other than amounts in her possession at the time of her arrest. Finally, it would seem that if the prosecution has no proof of the felony, they should not use the plea process to obtain restitution for it.

While the result is unfortunate, the court's opinion is correct on the law and I concur in it.