NO. 4-07-0997          Filed 10/31/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| DONTE M. CLAUSELL, | ) | No. 07CF395 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott H. Walden, |
| | ) | Judge Presiding. |

_____

JUSTICE MYERSCOUGH delivered the opinion of the court:

In September 2007, a jury acquitted defendant, Donte M. Clausell, of aggravated battery (720 ILCS 5/12-4(b)(8) (West 2006)) and convicted him of robbery (720 ILCS 5/18-1 (West 2006)) and burglary (720 ILCS 5/19-1(a) (West 2006)). In October 2006, the trial court sentenced defendant to 36 months' probation and ordered him to pay restitution. Defendant appeals, arguing the imposition of restitution was improperly based on the acquitted aggravated-battery charge. We affirm.

I. BACKGROUND

Justin Davis testified he was standing by his vehicle when a white four-door vehicle approached. Davis explained three black males dressed in baggy pants and long white shirts got out and asked him "where the green was." Davis testified he assumed they wanted money or drugs. Davis turned to leave but was struck in the neck from behind and fell to the ground unconscious.

Davis woke lying on his back with one of the men standing on his face. A second man was searching through his pockets. A third man was searching his vehicle. Davis testified the man standing on his face told Davis he would "stomp [his] face in" if he moved. The men took Davis's cellular phone, wallet, and keys. The men unlocked the vehicle's trunk and removed four speakers. The men placed the speakers in their vehicle and left.

Davis called the police and provided a description of the men, a description of the vehicle, and the vehicle's license-plate number.

According to City of Quincy, Illinois, police officer Chad Liesen's testimony, police found the vehicle approximately an hour later. Defendant and two other men were inside the vehicle. All three men were dressed in baggy shorts and long white shirts. Liesen testified Davis's speakers were located in the backseat and trunk.

The jury found defendant guilty of robbery and burglary but not guilty of aggravated battery.

At sentencing, the State requested restitution for Davis's medical bills. Defense counsel argued against such restitution because the injuries were caused by the aggravated battery and defendant was found not guilty of the aggravated-battery charge. The State argued that the use of force for the

robbery was sufficient to justify restitution.  Davis reported suffering a concussion.  The trial court acknowledged defendant was acquitted of aggravated battery but found the record afforded a sufficient basis to order restitution for Davis's medical bills based on the force used in the robbery.  The court ordered defendant to pay restitution of $2,541.06 for Davis's medical expenses.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues the trial court improperly ordered him to pay restitution for medical expenses because Davis's medical bills resulted from the acquitted aggravated-battery charge.  The State argues the restitution order was based on defendant's robbery conviction.  We agree with the State.

### A. Standard of Review

"A restitution order will not be reversed absent a showing of an abuse of discretion."  In re M.Z., 296 Ill. App. 3d 669, 673, 695 N.E.2d 587, 589 (1998).

### B. The Restitution Order Was Proper

"It is well established that a court may not impose restitution for charges upon which a defendant is acquitted."  People v. Owens, 323 Ill. App. 3d 222, 234, 753 N.E.2d 513, 523 (2001).  In addition, the trial court may not "order restitution of sums extraneous to the charges before it."  People v. Thomp-

son, 200 Ill. App. 3d 23, 26, 557 N.E.2d 1008, 1010 (1990). However, a defendant may be ordered to make restitution for injuries proximately caused by the same criminal conduct of defendant as that of which he was convicted (730 ILCS 5/5-5-6(b) (West 2006)).

Section 5-5-6 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-6 (West 2006)) requires the trial court to order restitution in accordance with that section for all convictions resulting from offenses in violation of the Criminal Code of 1961 (720 ILCS 5/1-1 through 47-25 (West 2006)) in which a person received an injury to their person as a result of the defendant's criminal act. Under subsection (a) of that section, the court shall determine at the sentencing hearing "whether the defendant should be required to make restitution in cash, for out-of-pocket expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant." 730 ILCS 5/5-5-6(a) (West 2006).

The trial court calculated the $2,541.06 restitution order for Davis's medical expenses as follows: $290.50 for Clinical Radiology; $10 for a prescription; and $2,240.56 to Blessing Hospital, $1,833.39 of which was covered by insurance. See Wills v. Foster, 229 Ill. 2d 393, 412-14, 892 N.E.2d 1018, 1030-31 (2008) (finding that where the plaintiff was entitled to seek and recover the reasonable value of her medical expenses,

her recovery was not limited by the amount paid by insurance).

The aggravated-battery charge alleged defendant "or one for whose conduct he is legally responsible, struck *** Davis in the head with his fist." The robbery charge alleged defendant "or one for whose conduct he is legally responsible, took property, being keys and a cell phone, from the person of *** Davis, by the use of force." Defendant argues that because the blow to the head was the basis for the aggravated-battery charge, of which defendant was acquitted, any restitution based on that charge is void.

In support of that position, defendant cites People v. Chapin, 233 Ill. App. 3d 28, 597 N.E.2d 1250 (1992). However, Chapin is distinguishable. In Chapin, the jury acquitted defendant of theft by deception of $6,000 and found him guilty of theft by deception of $4,600. Chapin, 233 Ill. App. 3d at 32, 597 N.E.2d at 1253. On appeal, defendant argued the trial court erred when it ordered him to pay $10,600 in restitution. Chapin, 233 Ill. App. 3d at 34, 597 N.E.2d at 1255. The Third District found the $6,000 restitution order was void as defendant was only convicted of theft by deception of $4,600. Chapin, 233 Ill. App. 3d at 34, 597 N.E.2d at 1255. The court found the trial court was not permitted to order restitution of sums extraneous to the charges before it. Chapin, 233 Ill. App. 3d at 34, 597 N.E.2d at 1255.

In contrast here, the trial court did not order restitution for sums extraneous to the charges.  The injuries Davis incurred were based on the robbery charge of which defendant was convicted.  Defendant was charged with robbery for taking Davis's keys and cellular phone by force.  The court acknowledged defendant was acquitted of aggravated battery but still found restitution was justified based on the force used for the robbery.  According to Davis's testimony, one of the men struck him in the head causing him to fall to the ground.  One of the men then held Davis on the ground by placing his foot on Davis's head, covering his nose and cheek.  Davis also testified the pressure exerted on his head was hurtful and made him feel his head could have been stomped into the ground.

Defendant contends the medical expenses relate solely to the initial blow to Davis's head, which formed the basis for the aggravated-battery charge.  Defendant argues while the aggravated battery caused Davis' concussion, the force used in the robbery "did not even cause a bloody nose."  In addition, defendant contends "the only injury Davis reported and police observed was redness and swelling behind [his] right ear from the initial blow to the head."  However, defendant presented no evidence Davis' injuries were exclusively caused by the initial blow recited in the aggravated-battery charge.

Even assuming arguendo that Davis's injuries resulted

exclusively from the initial blow, the fact defendant was acquitted of the aggravated-battery charge is not determinative as "[r]estitution may properly be ordered for all losses proximately caused by the same criminal acts of the defendant." People v. Gallinger, 252 Ill. App. 3d 816, 819, 624 N.E.2d 399, 401 (1993), citing People v. Hernandez, 236 Ill. App. 3d 983, 985, 600 N.E.2d 1234, 1235 (1992).

In this case, the initial strike is proximately related to the robbery. Here, defendant was engaged in a single course of conduct. The blow to Davis's head reasonably could be seen to have been used to disable Davis and allow the robbery to commence. As a result, Davis's injuries were proximately caused by defendant's criminal conduct for which he was convicted.

Accordingly, the trial court's restitution order can stand solely on defendant's robbery conviction. As a result, we find the court did not err in ordering restitution for Davis's medical costs.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.