THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM GALLINGER, Defendant-Appellant.

Second District   No. 2—92—0296

Opinion filed November 30, 1993.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Howard M. Goldrich, of Skokie (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, William Gallinger, was convicted after a bench trial in the circuit court of Du Page County of one count of aggravated battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—4(a) (now codified, as amended, at 720 ILCS 5/12—4(a) (West 1992))) and one count of criminal damage to property (Ill. Rev. Stat. 1991, ch. 38, par. 21—1(1)(a) (now 720 ILCS 5/21—1(1)(a) (West 1992))). The court found defendant not guilty of a second count of criminal damage to property. Defendant was sentenced to 30 months' probation with restitution. He appeals, contesting a portion of the restitution ordered. We affirm.

The charges in this case were brought after defendant attacked the manager of a gas station inside the gas station. Defendant was apparently angered by the cashier's refusal to allow defendant to fuel at a prepay gasoline pump without prepayment. After the police arrived and arrested defendant, he repeatedly hit the inside of the squad car door with his feet and his head. The aggravated battery count reflected defendant's attack on the manager. The criminal damage to property count of which defendant was convicted reflected damage to the squad car. The criminal damage to property count of which defendant was acquitted reflected alleged damage to the gas station manager's prescription eyeglasses.

The station manager testified at trial, but did not mention damage to his eyeglasses or any other personal property. There was no testimony at trial concerning the manager's eyeglasses or wristwatch. After the findings of guilty, the State argued that the attack had damaged the manager's eyeglasses and watch. The State gave values of the glasses as $168 and the watch as $189. The State asked for a sentence of five years' imprisonment.

Defendant addressed the court and asked that he not be sent to prison so that he could keep his job and his corresponding medical insurance. The court allowed defendant to maintain his job and his insurance by placing him on probation and work release. The State then asked for restitution for the damage to the squad car, the glasses and the watch, and for the loss of use of plane tickets that the station manager had bought but had not been able to use. There was no objection by the defense. The following colloquy then took place:

"THE COURT: All right. As far as restitution is concerned, I will allow for the glasses, upon proper bills to be presented; same thing with the watch.

\* \* \*

That will be considered part of the probation restitution. Do you understand that?

DEFENDANT GALLINGER: Yes, sir."

The sentencing order requires defendant to pay restitution to the station manager in the amount of $168 for the eyeglasses and $189 for the watch.

On appeal, defendant makes two arguments against the restitution ordered to be paid the station manager. Defendant claims that the restitution for the glasses must fail because he was acquitted of the count of criminal damage to property that concerned the glasses. Defendant also asserts that, in any event, no restitution may be paid to the manager because there was no sworn testimony as to the value of either the glasses or watch. Defendant loses here, for three separate reasons.

First, defendant has waived the issue by failing to file a motion to reduce his sentence (see Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(c)). This court recently decided in *People v. Pfister* (1993), 240 Ill. App. 3d 931, 936, "that when appealing only the sentence after a trial on the merits, the failure to file a post-sentencing motion results in waiver." Defendant here had a bench trial, he filed no post-sentencing motion, and he appeals only his sentence. Under *Pfister*, the issue of restitution is waived.

Second, we find that defendant has waived the restitution issue by specifically agreeing at trial to the imposition of restitution as a condition of probation. In *People v. Beavers* (1986), 141 Ill. App. 3d 790, the court held that a defendant who requested at her sentencing hearing that she be made to pay $600 in restitution waived her right to argue on appeal that the trial court exceeded its authority in ordering the restitution. (*Beavers*, 141 Ill. App. 3d at 796-97.) The court noted that the defendant did not merely fail to object to the restitution order and stated that it "cannot allow the defendant to complain of an error *in which he* [*sic*] *acquiesced* or invited." (Emphasis added.) *Beavers*, 141 Ill. App. 3d at 797.

Here, defendant specifically agreed to pay restitution for the damage of the glasses and watch as a condition of probation. Defendant implored the trial judge to refrain from sending him to jail, in effect asking the trial judge for probation. Defendant got the sentence he asked for, and we will not allow him to mount a later

attack on its validity. See also *People v. Early* (1987), 158 Ill. App. 3d 232, 240-41 (defendant precluded from attacking restitution on appeal where defense counsel joined in recommendation at trial that defendant make restitution).

Third, defendant's claim fails on the merits. Defendant asserts that the restitution for the eyeglasses is improper because he was acquitted on the count charging criminal damage to property for damage to the station manager's eyeglasses. Defendant cites *People v. Thompson* (1990), 200 Ill. App. 3d 23, and *People v. Mahle* (1974), 57 Ill. 2d 279. Both cases are distinguishable.

In *Thompson*, the court held that a defendant convicted of willfully failing to file Illinois income tax returns for the years 1984, 1985 and 1986 could not be made to pay restitution for taxes owed for the years 1980 through 1986. (*Thompson*, 200 Ill. App. 3d at 26.) In *Mahle*, the defendant pleaded guilty to several counts of deceptive practices based on his passing of bad checks. The trial court ordered the defendant to make restitution in the amount of $1,138.86 even though only $387 in bad checks formed the basis for his convictions. The remaining amount was for uncharged bad checks. (*Mahle*, 57 Ill. 2d at 284.) The court noted that the trial court could not "order restitution of sums extraneous to the informations before it." *Mahle*, 57 Ill. 2d at 284.

The trial judge here did not order restitution of sums extraneous to the charges before him. In both *Thompson* and *Mahle*, the acts for which the defendants were convicted were not the causes of the losses for which the erroneous restitution was ordered. The failure of the defendant in *Thompson* to file Illinois income tax returns in 1984, 1985 and 1986 was not the cause of the loss of income tax to the State for the years 1980 through 1983. Similarly, Mahle's bad checks that formed the basis of his convictions did not cause the additional $751.86 in losses. Conversely, the trial court presumably found in this case that defendant's attack on the station manager, for which he was convicted of aggravated battery, caused the damage to the manager's watch and glasses. Thus, the trial court's restitution order flowed from defendant's aggravated battery conviction. That defendant was acquitted of the charge of criminal damage to property as to the glasses is not determinative. Restitution may properly be ordered for all losses proximately caused by the same criminal acts of the defendant. *People v. Hernandez* (1992), 236 Ill. App. 3d 983, 985.

Further, we believe the trial judge's restitution order had a sufficient evidentiary basis, contrary to defendant's assertions. The

trial judge stated at sentencing that he would allow restitution for the glasses and the watch "upon proper bills to be presented." Defendant does not claim that such bills were not presented, and, on appeal, all reasonable presumptions are in favor of the trial court's actions. (*People v. Henderson* (1985), 136 Ill. App. 3d 1041, 1045.) We thus assume that the trial judge received bills matching the restitution amounts for the glasses and the watch.

Finally, the victim impact section of the presentence report stated that the manager's eyeglasses and watch were broken during the offense. The report noted that the value of the manager's glasses was $168 and the value of his watch was $189. Defendant did not object to information contained in the presentence report. Further, the trial judge was required to consider the presentence report. (See Ill. Rev. Stat. 1991, ch. 38, par. 1005—4—1(a)(2).) The uncontested facts contained in the presentence report concerning the value of the glasses and watch were sufficient to support the court's restitution order. On this point, we agree with *People v. Powell* (1990), 199 Ill. App. 3d 291, 293-95. That case concerned an identical claim of insufficient evidence to support a restitution order. The court held that "[i]n the absence of some specific claim of inaccuracy in a presentence report, *** evidence *in addition to information contained in the presentence report* is not required" to support a restitution order. (Emphasis in original.) *Powell*, 199 Ill. App. 3d at 295.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

McLAREN and COLWELL, JJ., concur.