2021 IL App (2d) 190778-U
No. 2-19-0778
Order filed June 18, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 13-CF-1552 |
| ANDRE L. BRIDGES, | ) ) | Honorable Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Schostok and Brennan concurred in the judgment.

**ORDER**

¶ 1     *Held*: On remand from our order vacating the denial of defendant's motion to vacate his guilty plea, new counsel complied with Rule 604(d). Counsel filed a motion setting forth grounds for withdrawing the plea, provided an affidavit from defendant, and presented evidence in support of the claims.

¶ 2     Defendant, Andre L. Bridges, entered a negotiated guilty plea to aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2012)) in exchange for an 18-year prison term and the dismissal of charges of first-degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2012)). Defendant subsequently moved *pro se* to withdraw his guilty plea. The trial court appointed counsel, who filed an amended motion. The trial court denied the amended motion, and we vacated and

remanded for proceedings in compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 12. On remand, new counsel submitted a new motion to withdraw the plea and an affidavit from defendant. After a hearing, the motion was denied, and defendant appeals, arguing again that counsel failed to comply with Rule 604(d). Specifically, he argues that, although counsel filed a facially valid Rule 604(d) certificate, the record refutes his compliance. We affirm.

¶ 3                             I. BACKGROUND

¶ 4                        A. Background and Prior Appeal

¶ 5    The charges against defendant arose from the shooting death of James Myles. As the factual basis for defendant's guilty plea, it was stipulated that, on June 1, 2013, after a confrontation in an alley in North Chicago, defendant discharged a firearm in the direction of Myles that struck Myles. In his *pro se* motion to withdraw his plea, defendant asserted that he had inadequate representation by counsel and was mentally incompetent to enter the plea. The motion was supported by an affidavit, which added that defendant's plea was the result of coercion through force or threats. The amended motion filed by counsel elaborated on the claims, alleging that defendant's plea was involuntary because it was made under duress based on acts of violence perpetrated against his mother in which her home was fired upon and people defendant believed were responsible loitered outside of her workplace. The motion alleged that defendant learned through fellow jail inmates that the violence was intended to send him a message and that he entered the guilty plea to prevent further violence against his mother. Counsel also alleged that defendant's plea was not intelligently made, because, at the time of the plea, he was not given all of his required medications for bipolar disorder and attention deficit hyperactivity disorder (ADHD). The amended motion

was not supported by an affidavit. However, counsel filed a certificate of compliance with Rule 604(d).

¶ 6    At a status hearing, the trial court asked whether the case should be continued for argument on the substantive issues raised in the amended motion. Counsel responded that the amended motion presented the substantive issues. The parties indicated that they had no evidence to present, and the trial court continued the matter to June 16, 2015, for a ruling on the motion. On that date, defendant was not present, and the State and defense counsel declined to present any additional argument. The record shows that defendant's counsel obtained jail medical records but does not show the substance of those records. With respect to the medications that defendant alleged he was not receiving, the trial court noted that "there's nothing in the record to show that the defendant needed to be prescribed any of these other medications in order to make a voluntary and intelligent waiver of his rights to trial." The trial court noted that defendant appeared to be intelligent and "cognizant of all of the issues that were being discussed," not only when he entered his plea "but on every date on which he appeared before the Court." The trial court also found that the alleged harassment of defendant's mother did not render the plea involuntary.

¶ 7    Defendant appealed, and we vacated and remanded, holding that the record refuted counsel's Rule 604(d) certification that she made any amendments necessary for adequate presentation of any defects in the plea proceedings. We noted that counsel's allegations were not supported by the record and that she failed to include a supporting affidavit. *Id.* ¶ 9. We also concluded that the hearing was inadequate as defendant was not present and counsel failed to offer any argument or evidence in support of the motion. *Id.* ¶¶ 10-11.

¶ 8                                          B. Current Appeal

- 3 -

¶ 9    On July 24, 2019, new counsel, Ronald Bell, filed an appearance and a new motion to withdraw the plea. The motion alleged in its introductory section that:

"Defendant did not knowingly, intelligently, and voluntarily enter into his plea of guilty because (1) he received inappropriate medication in custody which prevented him from making an intelligent, reasoned decision, (2) acts of violence and threats of future violence to [defendant's] mother caused [defendant] significant duress coercing him into an involuntary plea, and (3) he was not properly represented."

¶ 10    The motion then set out two sections.  The first recited the factual background of the case, including defendant's *pro se* motion to withdraw the plea and his affidavit stating that he had inadequate representation by counsel, that he was not mentally competent to enter the plea, and that the plea was the result of coercion.  The second section alleged that the plea was made under duress and restated defendant's allegations concerning threats of violence against his mother and his allegations that he was not given all of his required medications while in jail.  Specifically, he alleged that "[h]is doctor prescribed Adderall, Trileptal, Seroquel (quetiapine), and [d]extroamphetamine" but that he was given only quetiapine.

¶ 11    Counsel included an affidavit from defendant with the motion.  In it, defendant averred that he was misled by his former attorney to enter the plea.  He stated, "I was given no other options and my attorney had me believe that the plea deal was the only option I had."  Defendant further averred that (1) he had a viable defense because he acted in self-defense; (2) he was not properly medicated at the time of the plea, causing him to not fully comprehend the plea deal; and (3) he was coerced into pleading guilty based on threats of force against his mother.

¶ 12    On August 1, 2019, the parties appeared, and the court asked counsel whether he had a transcript of the plea. Counsel stated that he did not, and the court instructed counsel to order

transcripts. On August 20, 2019, counsel filed a Rule 604(d) certificate stating that he (1) consulted with defendant in person, by mail, and by phone to ascertain defendant's contentions of error; (2) examined the court file and report of proceedings; and (3) made any amendments to the motion necessary for the adequate presentation of any defects in the proceedings.

¶ 13     On September 3, 2019, a hearing was held.  Defendant's mother, Kathy Simpson, testified that, in June 2013, unidentified people "shot up [her] house and shot also in [her] bedroom, and it was [in retaliation]."  She said that people also came to her job dressed in black and rode bikes around the area.  She called the police for a ride home and made a police report about the shooting. The police report was entered into evidence. Simpson testified that defendant suffered from bipolar disorder and normally took three medications for it plus Adderall.  When she visited defendant in jail, she could "tell like a difference [in] him."

¶ 14     Defendant testified that, when he went to jail, he was denied the medications that he had been taking for bipolar disorder.  This caused his mind to become cloudy, and it was hard for him to make good judgments.  He told a social worker that he needed medication.  When he met with his mother before the plea, she was crying and scared for her life.  Defendant had also gotten into fights at the jail "due to some of the guys being in [the] county jail around the time, too."  He was under "extreme duress."  He pleaded guilty because he was threatened with harm to himself or his mother if he did not do time for the crime.  He believed he had a case for self-defense in that Myles "came at [him] with a gun."  He admitted that, before the plea, he spoke with his attorney and discussed the case with him.  He also admitted that he did not tell the court about the threats when asked if anyone forced or threatened him to get him to plead guilty.  He said that he lied to protect his mother, that gang members had come to his court dates, and that his brother had also been

threatened. Defendant also testified that his attorney falsely promised him that he would be able to serve half of his sentence instead of 85%.

¶ 15     The court noted that the threats to defendant's mother took place almost a year before the guilty plea and were not necessarily connected to Myles's death. The court also observed that there was no evidence in the record from any expert, psychiatrist, or social worker regarding defendant's mental condition that would undermine the court's finding that the plea was voluntary. The court found that Simpson's testimony alone was insufficient. The court further noted that nothing at the plea hearing or around the time of the plea hearing indicated that defendant lacked competency. The court also found that nothing called into question trial counsel's advice that defendant take the plea. Accordingly, the court denied the motion. Defendant appeals.

¶ 16                                    II. ANALYSIS

¶ 17     Defendant contends that the record refuted Bell's certification that he complied with Rule 604(d) because Bell failed to allege ineffective assistance of counsel and failed to provide supporting documentation of defendant's mental health claims.

¶ 18     Rule 604(d) requires a defendant challenging a guilty plea to file a motion to withdraw the plea within 30 days of the date that the sentence is imposed. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The motion must in be in writing and state the grounds for challenging the plea. When the motion is based on facts that do not appear in the record, it must be supported by affidavit. *Id.* "The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." *Id.* The rule then provides:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty,

has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 19 The motion shall be heard promptly and, if the motion is allowed, the trial court shall modify the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew. *Id.*

¶ 20 It is well established that the attorney's certificate must strictly comply with the requirements of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 35 (1994). If the certificate does not satisfy this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with the rule. *Id.* at 33. When counsel files a facially valid certificate of compliance, we may consult the record to determine whether counsel actually fulfilled his or her obligations under Rule 604(d). *Bridges*, 2017 IL App (2d) 150718, ¶ 8. When facts supporting the contentions of error do not appear on the record, the failure to attach a supporting affidavit or provide any other evidence in support of the motion supports the conclusion that counsel failed to fulfill his or her duty. *Id.* ¶ 9; *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005). We review *de novo* the question of whether defense counsel complied with Rule 604(d). *People v. Grice*, 371 Ill. App. 3d 813, 815 (2007).

¶ 21 Here, we vacated the denial of defendant's first motion to withdraw his plea because the facts supporting counsel's allegations were not apparent on the record and counsel did not provide an affidavit. Moreover, the hearing on the motion was not meaningful, because defendant was absent and counsel failed to present any evidence or argument in support of his motion. *Bridges*, 2017 IL App (2d) 150718, ¶¶ 9-11. Those failures were remedied on remand when Bell filed a new motion to withdraw the plea presenting defendant's claims and included defendant's affidavit.

A meaningful hearing was then held at which Bell argued defendant's contentions and presented supporting evidence, including defendant's testimony.

¶ 22 Defendant argues that Bell failed to include a claim of ineffective assistance, but the record shows otherwise. Defendant's motion to withdraw the plea stated three contentions as to why his plea was involuntary, one of which was that "he was not properly represented." The motion then recited the factual background of the case, including defendant's *pro se* motion to withdraw his plea and his affidavit, both of which stated that defendant had inadequate representation by counsel. In defendant's affidavit included with the motion prepared by Bell, defendant averred that he was misled by his former attorney to enter the plea. The court also addressed the matter at the hearing, finding that nothing called into question trial counsel's advice that defendant take the plea. Thus, the record does not support defendant's contention that Bell failed to allege ineffective assistance of counsel.

¶ 23 Defendant next argues that Bell failed to comply with Rule 604(d) by neglecting to include documentation of his bipolar disorder and medication use. We disagree that Bell failed to comply in this regard. He provided relevant evidence about defendant's medication: defendant's affidavit addressed the matter as did both his testimony and his mother's. Counsel's failure to call a particular witness or present particular evidence cannot be grounds for a further remand absent some showing that the failure resulted in an unfair hearing on the Rule 604(d) motion. See *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16. "[A] defendant seeking to withdraw his plea is entitled to a hearing that is meaningful, but only in the very limited sense that it is not a mere charade." (Emphasis omitted.) *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14. Further, in *People v. Shirley*, 181 Ill. 2d 359, 369 (1998) our supreme court rejected the premise that "the strict[-]compliance standard *** must be applied so mechanically as to require Illinois courts to

grant multiple remands and new hearings following the initial remand hearing." There, the court stated that, where "the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, we see limited value in requiring a repeat of the exercise, absent a good reason to do so." *Id.* Thus, once the remedy for lack of strict compliance has been granted through a remand and another opportunity for the defendant to be heard, technical noncompliance with Rule 604(d) will not require successive remands and rehearings. See *People v. Evans*, 2017 IL App (3d) 160019, ¶ 24. However, "*Shirley* does not stand for the blanket proposition that a matter may only be remanded one time for compliance with Rule 604(d)." *Id.* If defendant was deprived of a full and fair hearing, a remand would be appropriate. See *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16.

¶ 24    "[T]he proper standard for determining fairness in this setting is the one set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), for evaluating claims of ineffective assistance of counsel." *Id.* That standard is appropriate because a challenge to counsel's performance underlies defendant's argument, and the test is designed to determine whether an alleged error by counsel has compromised the fairness of a criminal proceeding. *Id.* "[N]ot every challenge to the sufficiency of proceedings on remand for compliance with Rule 604(d) will call for application of the *Strickland* test." *Id.* However, the *Strickland* test is applicable here, where the Rule 604(d) certificate was facially sufficient, a hearing was held that was not a mere charade, and the type of error alleged here—the failure to present a specific kind of evidence—has traditionally been analyzed with reference to the *Strickland* standard. See *id.*

¶ 25    To establish a violation of the right to effective assistance of counsel, the defendant must affirmatively prove ineffective assistance and show prejudice by showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* ¶ 17. Here, defendant takes issue with counsel's failure to provide medical documentation. He states that the record shows that such documentation was available because his trial counsel obtained medical records from the jail. But defendant has not demonstrated that documentation exists showing his need for medication, that he was deprived of the medication, or what effects the deprivation caused. He has not alleged that any specific witnesses could provide expert testimony to show that his deprivation of medication resulted in an involuntary plea. Notably, the trial court found, in denying the first motion to withdraw the plea, that defendant appeared to be intelligent and "cognizant of all the issues that were being discussed," not only when he entered his plea "but on every date on which he appeared before the Court." On the whole, it is a matter of pure speculation as to whether additional evidence exists that would change the result of the proceeding. See *id.* On the record before us, and in the limited context of determining Bell's compliance with Rule 604(d), defendant received a full and fair hearing on his motion to withdraw the plea. Thus, the record does not refute Bell's certification that he complied with Rule 604(d). Postconviction proceedings might afford defendant a further opportunity to develop a claim of ineffective assistance.

¶ 26                             III. CONCLUSION

¶ 27     For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

¶ 28     Affirmed.