NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230507-U

NO. 4-23-0507

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 10, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Fulton County |
| CLARENCE M. OTIS, | ) | No. 20CF245 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Thomas B. Ewing, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Doherty and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed the trial court's judgment denying defendant's
motion to withdraw his guilty plea but vacated an award of restitution based on an
uncharged and unproven crime that was not the result of the same criminal
conduct for which defendant was convicted.

¶ 2    In September 2020, the State charged defendant with one count of aggravated
battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2020)) and one count of aggravated
discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2020)) in connection with defendant's act
of shooting the victim, Brittany Stockman, in the leg. After shooting Stockman, defendant took
Stockman's car and allegedly crashed it. Defendant was not charged with any crimes directly
associated with the damage to Stockman's car.

¶ 3    In April 2021, defendant entered an open plea of guilty to aggravated battery with
a firearm, and the State dismissed the aggravated discharge of a firearm charge. Among its

admonitions, the trial court informed defendant of the sentencing ranges for the charges, including defendant's sentence could include a fine of up to $25,000. Stockman's car was not mentioned during the proceedings.

¶ 4         At sentencing, the State sought restitution for Stockman's car. Defense counsel, Kevin Sullivan, stipulated to the amount of restitution. The trial court awarded restitution. Defendant subsequently filed a notice of appeal with a letter stating he wished to withdraw his plea and a motion to reconsider the sentence but did not include any claims concerning restitution. The appellate court remanded for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). On remand, new counsel, Nicholas Cotta, amended the motion to withdraw the plea and filed a Rule 604(d) certificate.

¶ 5         On appeal, defendant contends he was not properly admonished of the possibility of being ordered to pay restitution before he entered his guilty plea. Thus, he requests a remand so he may withdraw his plea. In the alternative, he argues his postplea counsel failed to properly comply with Rule 604(d) and the restitution award was improper and should be vacated because it was not the result of the same criminal conduct for which he was convicted. We affirm the trial court's judgment denying defendant's motion to withdraw his plea but vacate the restitution award.

¶ 6                                I. BACKGROUND

¶ 7         The State charged defendant in connection with his act of shooting Stockman in the leg. On April 12, 2021, defendant entered an open guilty plea to aggravated battery with a firearm and the State dismissed the remaining charge. During the plea proceeding, the State gave a factual basis, telling the trial court, on September 24, 2020, Candi Buhl of the Canton Police Department was dispatched to a residence regarding a gunshot victim. Stockman told

Buhl she had an argument with defendant, who pulled a gun out of his pocket, struck her in the mouth with the butt of the gun, and told her, "You are going to die." Defendant then shot Stockman in the leg. Buhl observed Stockman had a gunshot wound to the leg.

¶ 8    The trial court admonished defendant concerning the voluntary nature of the plea. When doing so, the court informed defendant his sentence could include a fine of up to $25,000. The court also asked defendant if he had the opportunity to discuss the matter with Sullivan and if defendant discussed any possible defenses and the consequences of entering a guilty plea with Sullivan. Defendant responded, "Yes." Defendant also stated he was satisfied with Sullivan's advice. Defendant signed a document stating he believed his attorney had done all anyone could do to assist him and there was nothing about the proceedings he did not understand. The document also provided defendant understood the consequences of pleading guilty and gave the plea voluntarily, with a full understanding of the matters set forth in the charges. The court accepted the plea. During the plea proceedings, nothing was mentioned about Stockman's car or restitution.

¶ 9    At sentencing, the trial court asked defendant if he was satisfied with the advice he received from his counsel. Defendant replied, "Yes." The presentence investigation report (PSI) showed defendant shared an infant son with Stockman. Defendant reported there was no set visitation schedule for him to see his son and Stockman limited visitation, which caused defendant stress and anger toward Stockman. The PSI showed defendant turned himself in on September 28, 2020, to a hospital in Rockford, Illinois, due to injuries sustained in a vehicle accident. Details concerning the accident were not provided. The PSI also stated the State's Attorney's Office victim coordinator had not received a request for restitution.

¶ 10        Also at sentencing, the State offered a paragraph from a police report "in regard to the nature and circumstances of the offense." The State read from the report to the trial court, stating Stockman told officers she had arrived at an apartment on September 24, 2020, for defendant to visit with their son, and defendant struck her in the head and yelled at her about their son. Stockman stated she grabbed their son in the car seat and was going to leave. When she attempted to do so, defendant struck her with a gun. As she was still attempting to leave, defendant punched her, told her she "was going to die" and shot her in the leg. While Stockman was on the floor, defendant yelled for her wallet and car keys. Defendant then took her car. The State later told the court, "[I]f I may, in the proffer to the Court, it was mentioned about a vehicle being stolen. I would also represent to the Court that that vehicle has been totaled by the defendant." The State provided a document showing Stockman still owed $2721 on her vehicle loan. The State then told the court, "This is from the victim of the, her vehicle was damaged as part of this. It was not charged as criminal damage to property; but this was an incident relating to, it happened at the same time as this." The State clarified the amount was not covered by insurance and requested restitution of that amount. Sullivan told the court, "[W]e'll stipulate to the amount."

¶ 11        The trial court sentenced defendant to 15 years' incarceration and ordered restitution in the amount of $2721, stating both parties stipulated to that amount. Defendant filed a *pro se* notice of appeal with a letter indicating he desired to withdraw his guilty plea and believed his sentence was excessive. However, defendant did not mention restitution. Defendant also wrote Sullivan had not been in contact with him. After defendant filed his appeal, Sullivan filed a late motion to reconsider defendant's sentence, which did not mention

- 4 -

restitution.  On appeal, the Third District Appellate Court granted a motion for summary remand for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 12                On remand, Sullivan withdrew, and the trial court appointed Cotta to represent defendant.  Cotta told the court he intended to amend and argue defendant's *pro se* filings, without regard to Sullivan's untimely motion to reconsider.  On June 1, 2023, Cotta filed an amended motion to withdraw defendant's guilty plea, alleging ineffective assistance of counsel and stating defendant "believes that the representation of his trial counsel was deficient" for reasons set forth in an attached affidavit from defendant.  In his affidavit, defendant alleged: (1) Sullivan advised defendant to plead guilty out of a belief the judge would be more lenient, (2) Sullivan did not represent him to the best of Sullivan's abilities, (3) defendant did not "agree whole heartedly" to the guilty plea or to the fact the trial judge presiding over the case would be sentencing him, (4) Sullivan did not advise him of why he should or should not plead guilty to the charge, and (5) Sullivan had only his own interests in mind and just wanted to get paid. Cotta also filed a certificate of counsel under Rule 604(d), stating he consulted with defendant in person, examined the court file and report of proceedings, and made any amendments necessary for the adequate presentation of any defects in the proceedings.

¶ 13                At the hearing on the matter, Cotta told the trial court defendant wished to withdraw his plea due to ineffective assistance of counsel.  Cotta said defendant believed Sullivan did not act in his best interest, and instead was interested in finishing the case as quickly as possible.  Cotta also stated defendant believed

> "there were other options available that were better to proceed at trial and did
>
> believe that his entering a guilty plea came about as a result of statements made to

him by [Sullivan] as to what he anticipated the outcome to be; that if he did go forward with entering the guilty plea, a different sentence would be imposed." Cotta also told the court defendant "did believe that there was other information that would have been available that [defendant] was not fully advised by his counsel as to the ramifications of entering a guilty plea." Cotta did not identify what the "other options" and "other information" was, and defendant did not testify at the hearing.

¶ 14 The State argued defendant had not shown ineffective assistance or any prejudice. The trial court denied the motion to withdraw the plea. Cotta filed a motion to reconsider, asking the court to reconsider the denial of the motion to withdraw the guilty plea and to reconsider defendant's sentence. The motion did not mention restitution. As to withdrawal of the guilty plea, Cotta alleged defendant "was not fully aware or advised by counsel of the ramifications of entering the guilty plea, and [Sullivan] was not acting in the best interest of [defendant]." Cotta also filed a second certificate of counsel under Rule 604(d). The court denied the motion.

¶ 15 This appeal followed.

¶ 16 II. ANALYSIS

¶ 17 On appeal, defendant contends (1) his guilty plea was involuntary when he was not informed before his plea he could be ordered to pay restitution, (2) in the alternative, the matter should be remanded for compliance with Rule 604(d) when counsel did not provide specific factual allegations to show his plea was involuntary, and (3) if his plea was not involuntary, the restitution award should be vacated because it was not the result of conduct for which he was convicted.

¶ 18 A. Failure to Admonish About Restitution

- 6 -

¶ 19    Defendant first contends his plea was involuntary when the trial court did not inform him of the possibility of being ordered to pay restitution before accepting the plea. Defendant acknowledges he did not raise the issue below but argues either plain error or ineffective assistance of counsel applies.

¶ 20    "Under Rule 604(d), any issue not raised in a motion to withdraw a guilty plea or to reconsider a sentence after a guilty plea is forfeited." *People v. Thompson*, 375 Ill. App. 3d 488, 492, 874 N.E.2d 572, 575-76 (2007). However, if a trial court fails to admonish a defendant in compliance with Illinois Supreme Court Rule 402 (eff. July 1, 2012), that failure may amount to plain error, an exception to the forfeiture rule. *Thompson*, 375 Ill. App. 3d at 492, 874 N.E.2d at 576 (citing *People v. Fuller*, 205 Ill. 2d 308, 322-23, 793 N.E.2d 526, 537 (2002)). Rule 402 requires the trial court give a defendant certain admonishments before accepting a guilty plea, including "the minimum and maximum sentence prescribed by law." Ill. S. Ct. R. 402(a)(2) (eff. July 1, 2012). The appropriate remedy for the trial court's failure to admonish a defendant who entered a guilty plea as to the possibility he or she would be ordered to pay restitution is to allow the defendant the opportunity to withdraw the plea. See *People v. Snyder*, 2011 IL 111382, ¶ 31, 959 N.E.2d 656.

¶ 21    However, "[b]efore this court can invoke the plain-error exception, we must determine whether any reversible error occurred." *Thompson*, 375 Ill. App. 3d at 493, 874 N.E.2d at 576. "A trial court's failure to properly admonish a defendant itself does not automatically establish grounds for reversing the judgment or vacating the plea." *Thompson*, 375 Ill. App. 3d at 493, 874 N.E.2d at 576. "Substantial compliance with Rule 402 suffices to establish due process." *Thompson*, 375 Ill. App. 3d at 493, 874 N.E.2d at 576. "Moreover, whether an imperfect admonishment requires reversal depends on whether real justice has been

denied or whether the inadequate admonishment prejudiced the defendant." *Thompson*, 375 Ill. App. 3d at 493, 874 N.E.2d at 576 (citing *Fuller*, 205 Ill. 2d at 323, 793 N.E.2d at 537).

¶ 22    In *Thompson*, this court considered whether a trial court's failure to admonish the defendant of the possibility he could be ordered to pay restitution constituted reversible error. There, the defendant agreed to plead guilty to four burglary counts with a sentencing cap of seven years' imprisonment and, in return, the State agreed to dismiss three other pending charges. *Thompson*, 375 Ill. App. 3d at 490, 874 N.E.2d at 574. At the plea hearing, the trial court admonished the defendant of the sentencing ranges for the crimes, including imposition of up to a $25,000 fine. *Thompson*, 375 Ill. App. 3d at 490, 874 N.E.2d 574. However, the court did not inform the defendant of the possibility of being ordered to pay restitution. The court subsequently sentenced the defendant to terms of incarceration and ordered him to pay an amount of restitution less than the potential fine. *Thompson*, 375 Ill. App. 3d at 494, 874 N.E.2d at 577.

¶ 23    On appeal, this court affirmed the defendant's sentence and held the trial court's failure to admonish the defendant regarding the possibility of paying restitution did not result in prejudice. *Thompson*, 375 Ill. App. 3d at 494, 874 N.E.2d at 577. Relying on our supreme court's decision in *People v. Whitfield*, 217 Ill. 2d 177, 193, 840 N.E.2d 658, 668 (2005), this court explained a trial court's violation of Rule 402 results in reversible error only where a defendant receives a more onerous sentence than the defendant was told he or she would receive. *Thompson*, 375 Ill. App. 3d at 493-94, 874 N.E.2d at 576-77. Because the portion of the trial court's sentencing order requiring the defendant to pay restitution was lower than the admonished maximum fine of $25,000, the defendant did not receive a more onerous sentence. Thus, because the defendant's plea agreement was not breached and the imperfect admonishment

did not deny him real justice, the trial court's failure to admonish him about the possibility of a restitution order did not constitute plain error. *Thompson*, 375 Ill. App. 3d at 494, 874 N.E.2d at 577.

¶ 24    For the same reasons, *Thompson* applies here. Defendant was admonished of the possibility of a fine of up to $25,000. Because the restitution order was lower than that amount, defendant did not receive a more onerous sentence than he was told he might receive. Therefore, he did not suffer prejudice as the result of the trial court's failure to admonish him concerning restitution and that failure did not result in plain error.

¶ 25    Defendant attempts to distinguish *Thompson* on the basis that, in *Thompson*, the defendant sought to vacate the restitution order, while defendant here seeks to withdraw his plea. However, as previously noted, the trial court's failure to properly admonish defendant does not itself automatically establish grounds for either reversing the judgment or vacating the plea. *Thompson*, 375 Ill. App. 3d at 493, 874 N.E.2d at 576. *Thompson* stands for the proposition defendant was not denied real justice when he was informed of the possibility he could be ordered to pay a sum of up to $25,000. That remains the case regardless of the remedy defendant seeks. Defendant's plea was not rendered involuntary based on the lack of an admonition concerning restitution. Thus, we conclude defendant has not shown plain error.

¶ 26    For the same reasons, we also reject defendant's claim of ineffective assistance of counsel. Claims of ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Cathey*, 2012 IL 111746, ¶ 23, 965 N.E.2d 1109. "To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496, 931 N.E.2d 1198, 1203 (2010). A

defendant must satisfy both prongs of the *Strickland* standard, and the failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Clendenin*, 238 Ill. 2d 302, 317-18, 939 N.E.2d 310, 319 (2010). To establish prejudice, the defendant must show, but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. *People v. Houston*, 229 Ill. 2d 1, 4, 890 N.E.2d 424, 426 (2008). Here, as previously discussed, defendant cannot show his plea was involuntary or he was prejudiced in any way by counsel's failure to object to the imposition of restitution when defendant was admonished he faced imposition of payment of an amount up to $25,000.

¶ 27                    B. Compliance with Rule 604(d)

¶ 28        Defendant also argues Cotta violated Rule 604(d) by failing to properly develop his contentions of error in the motion to withdraw the plea and at the hearing on the motion. Defendant recognizes Cotta filed a facially valid Rule 604(d) certificate but argues the record refuted Cotta's certification he complied with Rule 604(d) because Cotta failed to allege sufficient facts to properly shape defendant's claims his plea was involuntary because of ineffective assistance of counsel. Thus, he requests a remand for new postplea proceedings.

¶ 29        Rule 604(d) requires a defendant challenging a guilty plea to file a motion to withdraw the plea within 30 days of the date that the sentence is imposed. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The motion must be in writing and state the grounds for challenging the plea. When the motion is based on facts that do not appear in the record, it must be supported by an affidavit. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). "The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The rule then provides:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

The motion shall be heard promptly and, if the motion is allowed, the trial court shall modify the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 30       The attorney's certificate must strictly comply with the requirements of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 35, 630 N.E.2d 790, 793 (1994). If the certificate does not satisfy this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with the rule. *Janes*, 158 Ill. 2d at 33, 630 N.E.2d at 793. We review *de novo* the question of whether defense counsel complied with Rule 604(d). *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007).

¶ 31       When counsel files a facially valid certificate of compliance, we may consult the record to determine whether counsel actually fulfilled his or her obligations under Rule 604(d). *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8, 87 N.E.3d 441. When facts supporting the contentions of error do not appear on the record, the failure to attach a supporting affidavit or provide any other evidence in support of the motion supports the conclusion that counsel failed to fulfill his or her duty. *Bridges*, 2017 IL App (2d) 150718, ¶ 9. However, the failure of

counsel to present particular evidence cannot be grounds for a further remand absent some showing that the failure resulted in an unfair hearing on the Rule 604(d) motion. See *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16, 966 N.E.2d 375. "[A] defendant seeking to withdraw his plea is entitled to a hearing that is meaningful, but only in the very limited sense that it is not a mere charade." (Emphasis omitted.) *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14.

¶ 32            In *People v. Shirley*, 181 Ill. 2d 359, 369, 692 N.E.2d 1189, 1194 (1998), our supreme court rejected the premise the strict-compliance standard must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings following an initial remand for Rule 604(d) compliance. Once the remedy for lack of strict compliance has been granted through a remand and opportunity for the defendant to be heard, technical noncompliance with Rule 604(d) will not require successive remands and rehearings. See *People v. Evans*, 2017 IL App (3d) 160019, ¶ 24, 72 N.E.3d 421. However, "*Shirley* does not stand for the blanket proposition that a matter may only be remanded one time for compliance with Rule 604(d)." *Evans*, 2017 IL App (3d) 160019, ¶ 24. If the defendant was deprived of a full and fair hearing, a remand would be appropriate. See *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16; *People v. Bridges*, 2021 IL App (2d) 190778-U, ¶ 23 (cited as persuasive authority under Illinois Supreme Court Rule 23).

¶ 33            First, we note defendant does not contend he was denied a hearing or that his hearing was a mere charade. We note Cotta presented defendant's affidavit and argued at the hearing defendant should be allowed to withdraw his plea. After the trial court denied the motion, Cotta immediately moved for reconsideration and filed another Rule 604(d) certificate.

Defendant instead argues counsel failed to adequately present his alleged defects in the plea proceedings.

¶ 34　　　　The *Strickland* standard for addressing ineffective assistance of counsel is applicable where, as here, the Rule 604(d) certificate was facially sufficient, a hearing was held that was not a mere charade, and the type of error alleged is based on the failure to present a specific kind of evidence. *Bridges*, 2021 IL App (2d) 190778-U, ¶ 24. "That standard is appropriate because a challenge to counsel's performance underlies defendant's argument, and the test is designed to determine whether an alleged error by counsel has compromised the fairness of a criminal proceeding." *Bridges*, 2021 IL App (2d) 190778-U, ¶ 24.

¶ 35　　　　To establish a violation of the right to effective assistance of counsel, the defendant must affirmatively prove ineffective assistance and show prejudice by showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Houston*, 229 Ill. 2d at 4, 890 N.E.2d at 426. Here, defendant takes issue with counsel's failure to provide sufficient factual support for his allegations. However, defendant has not stated what those particular facts would be or that evidence exists to support them. Indeed, defendant merely notes the claims "had the potential to become cognizable arguments," without specifying what those cognizable arguments might be. Thus, on the whole, it is a matter of pure speculation as to whether additional evidence exists that would change the result of the proceeding. *Bridges*, 2021 IL App (2d) 190778-U, ¶ 25.

¶ 36　　　　Further, the record indicates any remand to allow for further amendment would be futile. A lack of prejudice may be shown when the trial court's Rule 402 admonitions were sufficient to overcome any prejudice created by the claims of ineffective assistance. See *People v. Hall*, 217 Ill. 2d 324, 339, 841 N.E.2d 913, 922-23 (2005). The purpose of such a colloquy is

to ensure a defendant's guilty plea is not accepted unless it is intelligent and voluntary. *People v. Horton*, 250 Ill. App. 3d 944, 951, 620 N.E.2d 437, 442 (1993). This purpose would hardly be served if a defendant could state on the record his plea was voluntary and then turn around and claim it was involuntary, as it would reduce the colloquy to a meaningless exercise. See *People v. Robinson*, 157 Ill. App. 3d 622, 629, 510 N.E.2d 1050, 1054-55 (1987). "[E]xhaustive admonitions cannot be disregarded as merely a ritualistic formality." *People v. Ramirez*, 162 Ill. 2d 235, 245, 642 N.E.2d 1224, 1228 (1994). Thus, "a defendant cannot be rewarded for disregarding the specific admonitions of the court." *People v. Radunz*, 180 Ill. App. 3d 734, 742, 536 N.E.2d 189, 194 (1989). If a plea of guilty is to have any binding effect or is to be given any subsequent weight, extensive and accurate admonitions given by a trial court must be held to overwhelm a defendant's assertion he entered his plea involuntarily. *Robinson*, 157 Ill. App. 3d at 629, 510 N.E.2d at 1054.

¶ 37     Here, while defendant generically claimed Sullivan did not represent him to the best of his abilities and failed to advise him of the ramification of pleading guilty, defendant specially stated otherwise at the plea hearing. Defendant further signed a statement he believed his attorney had done all anyone could do to assist him and there was nothing about the proceedings he did not understand. At sentencing, defendant again expressed satisfaction with Sullivan's representation. Thus, the record rebuts defendant's affidavit suggesting Sullivan rendered ineffective assistance of counsel.

¶ 38     Defendant also notes Cotta did not specifically amend the motion to state defendant would not have pleaded guilty without Sullivan's alleged ineffective assistance. However, that alone does not entitle defendant to a remand. See generally, *People v. Jefferson*, 2023 IL App (4th) 220814-U, ¶¶ 24-29 (cited as persuasive authority under Illinois Supreme

Court Rule 23). That is particularly the case here, where the record rebuts defendant's claim his plea was involuntary.

¶ 39     On the record before us, and in the limited context of determining Cotta's compliance with Rule 604(d), defendant received a full and fair hearing on his motion to withdraw the plea. Thus, the record does not refute Cotta's certification he complied with Rule 604(d). Accordingly, we decline to remand for further compliance with Rule 604(d).

¶ 40     C. Imposition of Restitution for Conduct Unrelated to the Conviction

¶ 41     Finally, defendant argues, if his plea was not involuntary, the restitution award should be vacated because it was not the result of conduct for which he was convicted. Defendant recognizes he forfeited the issue by not including it in a motion challenging his sentence, but he argues plain error or ineffective assistance of counsel applies.

¶ 42     "It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Synowiecki*, 2023 IL App (4th) 220834, ¶ 69; see *People v. Hillier*, 237 Ill. 2d 539, 544-45, 931 N.E.2d 1184, 1187 (2010); see also 730 ILCS 5/5-4.5-50(d) (West 2020) ("A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days following the imposition of sentence."). However, we may review the claimed error if defendant established plain error. *Synowiecki*, 2023 IL App (4th) 220834, ¶ 70.

¶ 43     "The plain-error doctrine is a narrow and limited exception." *Synowiecki*, 2023 IL App (4th) 220834, ¶ 70. "To obtain relief under this rule, a defendant must first show that a clear or obvious error occurred." *Synowiecki*, 2023 IL App (4th) 220834, ¶ 70. " 'In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing

hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing.' " *Synowiecki*, 2023 IL App (4th) 220834, ¶ 70 (quoting *Hillier*, 237 Ill. 2d at 545, 931 N.E.2d at 1187). The defendant has the burden of persuasion under both prongs of the plain-error doctrine, and the procedural default will be honored if that burden is not met. *Synowiecki*, 2023 IL App (4th) 220834, ¶ 70.

¶ 44    Section 5-5-6 of the Unified Code of Corrections (Code) provides "the [trial] court shall order restitution" in all convictions for offenses in violation of the Criminal Code of 2012 "in which the person received any injury to his or her person or damage to his or her real or personal property as a result of the criminal act of the defendant." 730 ILCS 5/5-5-6 (West 2020).

¶ 45    In *People v. Mahle*, 57 Ill. 2d 279, 284, 312 N.E.2d 267, 271 (1974), our supreme court held restitution may not extend to "matters unrelated to the charges before the court," and the trial court lacked authority to order restitution of sums extraneous to the charges at issue. The version of the Code at issue in *Mahle* provided the trial court could require the defendant to "make restitution or reparation in an amount not to exceed actual loss or damage to property and pecuniary loss." Ill. Rev. Stat. 1973, ch. 38, ¶ 1005-6-3(b)(10). The Code now provides in part:

> "In fixing the amount of restitution to be paid in cash, *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge and any other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries proximately caused by the same criminal conduct of the defendant." 730 ILCS 5/5-5-6(b) (West 2020).

¶ 46        The current version of the Code was based on a 1983 amendment designed to

expand the coverage of the restitution statute. *People v. Gray*, 234 Ill. App. 3d 441, 443, 600

N.E.2d 887, 888 (1992).  The amendment has been described as

> "a comprehensive change in the law governing restitution, reflective of an
>
> intention by the Illinois General Assembly, in every criminal case where possible,
>
> to achieve two goals: (1) to make victims whole for any injury received at the
>
> hands of the criminal to be sentenced; and (2) to make criminals pay all of the
>
> costs which arise as a result of injuries the victims suffered."  (Emphasis omitted).
>
> *People v. Strebin*, 209 Ill. App. 3d 1078, 1084, 568 N.E.2d 420, 424 (1991).

¶ 47        Courts applying section 5-5-6(b) have held a defendant may be ordered to make

restitution when the losses sustained " 'were proximately caused by the same criminal conduct of

the defendant as that of which he was convicted.' "  *People v. Fontana*, 251 Ill. App. 3d 694,

706, 622 N.E.2d 893, 902 (1993) (quoting *People v. Nicholl*, 210 Ill. App. 3d 1001, 1013, 569

N.E.2d 604, 613 (1991).  Further, "[t]he court may order restitution for losses incurred by the

same victim as the result of the same criminal conduct of the defendant, even if those losses were

not set forth in the charging instrument."  *Fontana*, 251 Ill. App. 3d at 706, 622 N.E.2d at 902.

"However, restitution is improper for matters unrelated to the charges at issue."  *Fontana*, 251

Ill. App. 3d at 706, 622 N.E.2d at 902.  Thus, at issue here is whether defendant's alleged act of

crashing Stockman's car was proximately caused by the same criminal conduct as defendant's

act of committing aggravated battery with a firearm.  We find several cases instructive.

¶ 48        In *Mahle*, 57 Ill. 2d at 281, 312 N.E.2d at 269, the defendant pleaded guilty to

several counts of deceptive practices based on his passing of bad checks.  The trial court ordered

the defendant to make restitution in the amount of $1138.86, even though only $387 in bad

checks formed the basis for his convictions. The remaining amount was for uncharged bad checks. *Mahle*, 57 Ill. 2d at 284, 312 N.E.2d at 271. The supreme court found the trial court improperly ordered restitution of sums extraneous to the convictions. *Mahle*, 57 Ill. 2d at 284, 312 N.E.2d at 271 ("We do not believe that the conditions of restitution may extend to matters unrelated to the charges before the court.").

¶ 49		In *People v. Thompson*, 200 Ill. App. 3d 23, 26, 557 N.E.2d 1008, 1010 (1990), a case decided after the amendments to the Code, the defendant was charged with, and convicted of, failing to file tax returns in 1984, 1985, and 1986. The trial court ordered the defendant to pay restitution for 1980 through 1986, thus including three additional years in which he did not file a return. Relying on the premise from *Mahle* a trial court is not empowered to order restitution of sums extraneous to the charges before it, the Third District concluded the defendant could be ordered to make restitution only for the amount owed as a result of the charges at issue. *Thompson*, 200 Ill. App. 3d at 26, 557 N.E.2d at 1010.

¶ 50		In contrast, in *People v. Gallinger*, 252 Ill. App. 3d 816, 817, 624 N.E.2d 399, 400 (1993), the defendant was convicted of aggravated battery for attacking a gas station manager, which also resulted in damages to the manager's watch and eyeglasses. The trial court found the defendant not guilty of criminal damage to property based on damages to the manager's eyeglasses. The manager testified at trial but did not testify that his watch and eyeglasses were damaged in the attack. However, the sentencing order required the defendant to pay restitution to the manager for the damages caused to those items. *Gallinger*, 252 Ill. App. 3d at 818, 624 N.E.2d at 400. On appeal, the defendant contended the restitution award was extraneous to the charge he was convicted of. The Second District disagreed. *Gallinger*, 252 Ill. App. 3d at 818, 624 N.E.2d at 400.

¶ 51         The *Gallinger* court found the trial court did not order restitution of sums extraneous to the charges against the defendant. *Gallinger*, 252 Ill. App. 3d at 819, 624 N.E.2d at 401. In doing so, the court distinguished both *Thompson* and *Mahle*, noting, in those cases, the acts for which the defendants were convicted were not the causes of the losses for which the erroneous restitution was ordered. The failure of the defendant in *Thompson* to file income tax returns in 1984, 1985, and 1986 was not the cause of the loss of income tax to the State for the years 1980 through 1983. Similarly, the bad checks in *Mahle* forming the basis of the convictions did not cause the additional $751.86 in losses. *Gallinger*, 252 Ill. App. 3d at 819, 624 N.E.2d at 401. Those facts differed from the defendant's aggravated battery on the manager, which caused the damage to the manager's eyeglasses. Thus, the *Gallinger* court held the trial court's restitution order sufficiently flowed from defendant's aggravated battery conviction. *Gallinger*, 252 Ill. App. 3d at 819, 624 N.E.2d at 401. The court further stated the defendant's acquittal of the charge of criminal damage to property as to the glasses was not determinative because restitution may properly be ordered for all losses proximately caused by the same criminal acts of the defendant. *Gallinger*, 252 Ill. App. 3d at 819, 624 N.E.2d at 401.

¶ 52         In *Fontana*, the defendant was charged with unlawful use of credit cards based on two transactions. On December 15, 1990, the defendant used his grandmother's credit card at a car and truck rental service. On December 20, 1990, the defendant used his grandfather's credit card to obtain cash from a bank. Evidence at trial showed the defendant took the cards from his grandparents' home. *Fontana*, 251 Ill. App. 3d at 696-97, 622 N.E.2d at 895-96. There was also evidence the defendant made other uncharged transactions. *Fontana*, 251 Ill. App. 3d at 700, 622 N.E.2d at 898. At sentencing, the defendant was ordered to pay restitution for the full amount of all unauthorized transactions. *Fontana*, 251 Ill. App. 3d at 704, 622 N.E.2d at 900.

¶ 53    On appeal, the defendant argued the sentencing court improperly ordered payment of restitution for items extraneous to the charges.  The Second District disagreed.  The *Fontana* court distinguished *Thompson* on the basis each failure to file a return in *Thompson* was a separate crime.  *Fontana*, 251 Ill. App. 3d at 707, 622 N.E.2d at 902.  In comparison, in the case before it, although the defendant was charged with only two transactions, the remaining transactions were part of the same continuing offense involving the same victim.  *Fontana*, 251 Ill. App. 3d at 707, 622 N.E.2d at 903.  The court also noted the Criminal Code of 1961 defined " 'conduct' " as " 'an act or a series of acts, and the accompanying mental state.' "  *Fontana*, 251 Ill. App. 3d at 707, 622 N.E.2d at 903 (quoting 720 ILCS 5/2-4 (West 1992)).  When that definition was considered within the purpose of section 5-5-6(b), the court found the phrase "same criminal conduct" should be construed broadly to effect the remedial purpose of the statute, "so that it includes uncharged but related offenses based on a series of acts with the same mental state affecting the same victim."  *Fontana*, 251 Ill. App. 3d at 707, 622 N.E.2d at 903.  The court further stated:

> "Moreover, had the legislature intended that the amount of restitution be limited to only those charges set forth in the charging instrument, it would have used the term 'same charges' instead of 'same criminal conduct.'  We conclude that a defendant may, under these circumstances, be ordered to make restitution for uncharged but related offenses if his criminal conduct caused damage to the same victim, and the restitution is necessary to make the victim whole."  *Fontana*, 251 Ill. App. 3d at 708, 622 N.E.2d at 903.

However, the court also stated the evidence must still establish the defendant's conduct proximately caused the damages or losses and there must be evidence to support the amount. *Fontana*, 251 Ill. App. 3d at 708, 622 N.E.2d at 903.

¶ 54 Here, we find *Thompson* applicable and *Gallinger* and *Fontana* distinguishable. Unlike in *Gallinger*, where the criminal act of aggravated battery caused the damages to the victim's eyeglasses, defendant's act of shooting Stockman in the leg did not cause the damage to her car. Instead, an alleged uncharged act of criminal damage to property resulted in alleged damages to Stockman's car as much as four days later. Thus, the cause of the damages was an entirely different, uncharged crime.

¶ 55 Similarly, applying the principles set forth in *Fontana*, although defendant's criminal conduct concerned the same victim, it did not involve the necessary related offenses because the conduct did not relate to acts with the same mental state. Defendant was charged with and convicted of aggravated battery with a firearm, which required proof defendant, in committing a battery, knowingly discharged a firearm and caused any injury to another person. Meanwhile, criminal damage to property requires proof the defendant knowingly damaged any property of another. 720 ILCS 5/21-1(a)(1) (West 2020). Thus, aggravated battery with a firearm contemplates knowingly injuring a person with a firearm, while criminal damage to property contemplates damage to property. Here defendant's act of knowingly discharging a firearm did not result in him knowingly damaging Stockman's car, nor could defendant have been convicted of aggravated battery with a firearm based on damage to the car. They were entirely separate acts.

¶ 56 The State argues *Fontana* applies because defendant's act of taking the car was part of the same overall course of conduct or flowed out of the battery because defendant likely

took the car to flee the scene. But as previously noted, the act of damaging the car was not part of the same continuing offense of aggravated battery with a firearm. Further, not only was a crime involving Stockman's car uncharged, it was also unproven. We note the trial court awarded restitution with no evidence presented defendant actually knowingly damaged the car. The PSI stated defendant turned himself in to a hospital four days after the shooting due to injuries from a car accident. However, the record is silent as to when the accident occurred, who caused the accident, or if it involved Stockman's car. The only thing connecting defendant to the damages to the car was the State's unsworn assertion defendant crashed Stockman's car. While the State suggests defense counsel conceded the matter, defense counsel stipulated to only the amount of damages. Thus, the award of restitution was in error.

¶ 57       Having found error occurred, we also find plain error applies. A restitution award made with no actual basis in the evidence denies a defendant a fair sentencing hearing concerning the award. See *Synowiecki*, 2023 IL App (4th) 220834, ¶¶ 76-77. Accordingly, we vacate the restitution award.

¶ 58                          III. CONCLUSION

¶ 59       For the reasons stated, we affirm the trial court's judgment denying defendant's motion to withdraw his plea but vacate the restitution award.

¶ 60       Affirmed in part and vacated in part.